VOIGHTMAN et al. v. PERKINSON et al.

(Circuit Court, N. D. Illinois. August 11, 1904.)

No. 26,968.

1. PATENTS—INVENTION—COMBINATION OF OLD ELEMENTS.
 To render a combination of old elements patentable, all must co-operate to produce a new result.

2. SAME—FIREPROOF WINDOW.
 The Voightman patent, No. 600,186, for a fireproof window, is void for lack of invention, being for an aggregation of old parts, each acting separately to produce the old result.

In Equity. Suit for infringement of letters patent No. 600,186 for a fireproof window, granted to Voightman March 3, 1898. On final hearing.

Offield, Towle & Linthicum, for complainants.

J. H. Perkinson and John W. Hill, for respondents.

KOHLSAAT, J. Complainants seek in this proceeding to restrain defendants from infringing claims 5, 6, and 7 of patent No. 600,186, granted to complainant Voightman on March 3, 1898, for an improvement in fireproof windows. The claims in suit read as follows, viz.:

"(5) In a fireproof window, the herein-described automatic closing sash, consisting of the combination of the fireproof casing, A, the fireproof sash, L, pivoted therein, the destructible retaining device, M, N, by which said sash is held open; all substantially as shown and described.

"(6) In a fireproof window the herein-described automatically closing sash, consisting of the combination of the fireproof casing, A, the fireproof sash, L, pivoted therein, the retaining chain, M, having the fusible link, N, therein; all substantially shown and described.

"(7) In a fireproof window, the herein-described automatically closing sash, consisting of the combination of the fireproof casing, A, the fireproof sash, L, pivoted therein at a pivot, P, above its middle, the retaining chain, M, having the fusible link, N, therein at a point opposite the opening; all substantially as shown and described."

Briefly stated the claims involve: (1) A fireproof casing; (2) a fireproof sash, pivoted in the frame, adapted to automatically close itself when released; (3) a destructible retaining device, sometimes described as a "fusible link." It is claimed for the alleged combination that the result is a fireproof window set in a fireproof casing, which will close automatically when subjected to external heat. None of the elements of the alleged combination is new in itself, nor is a self-closing window new. It is old in the skylight and shutter arts, while automatic releas-

¶ 1. See Patents, vol. 38, Cent. Dig. §§ 29, 48.

ing devices are very old. But it is claimed that the device of the patent is broadly new, making it practically a substitute for iron and other shutters. In a shutter or skylight the window would not be new. Up to the time of the invention and perfection of wire glass, about 1892, there was no window glass, or substitute therefor, which could have been used for the purpose of a fireproof window. When wire glass was invented and put into merchantable and usable form, it seems to have, for the first time, made it possible to combine a window and a fireproof shutter. At the time complainant Voightman applied for his patent, viz., October 20, 1897, wire glass had been in use five or six years. It had been used in windows and for similar purposes, so that a fireproof window was not new. What Voightman did was to construct a pivoted fireproof sash in fireproof setting, and add thereto a device for automatically releasing the sash if subjected to heat while in an open position. Thus it follows that his advance in the art, if any, consists in the application of the destructible retaining device set out in his patent. That the result was very important cannot be denied, and is shown in the rating, with regard thereto, fixed by the insurance companies. It cannot be said that the claims in suit apply to any other portion of the window than the sash operated by the methods of the patent. The claims must be treated as though they pertained to a window of that one sash. Now, granted a one-sash fireproof window set in fireproof frame and sash, would it be invention to so adjust it as to make it operate in the manner of the patent in suit; that is, to hang it in such manner as that it would automatically drop to a closed position when released from some restraining force, the release being also automatically effected? Would there be any invention in treating this new substitute for shutters in the same manner as shutters were theretofore treated? I do not think so. Every step in so doing had been clearly worked out long before. To hold otherwise would be to hold that the mere use of wire glass by complainant was invention, and to do this would be equivalent to giving him the benefit of the invention of wire glass. True, about two years elapsed between the commercial success of wire glass and the date of the application for the patent in suit, but that alone would not be sufficient to justify the court in finding patentable novelty.

There seems to me to be another difficulty in sustaining this patent. If, as above stated, Voightman simply added the automatic releasing device, how can the whole be termed a combination? In Specialty Mfg. Co. v. Fenton Mfg. Co., 174 U. S. 492, 19 Sup. Ct. 641, 43 L. Ed. 1058, Mr. Justice Brown, speaking for the Supreme Court, says:

"Where a combination of devices produces a new result, such combination is doubtless patentable; but where the combination is not only of old elements, but of old results, and no new function is evolved from such combination, it falls within the ruling of this court in Hailes v. Van Wormer, 20 Wall. 353, and other cases cited."

In Pickering v. McCullough, 104 U. S. 318, 26 L. Ed. 749, the Supreme Court, speaking by Justice Matthews, said:

"In a patentable combination of old elements all the constituent elements must so enter into it as that each qualifies every other."

. Some of the lower courts have deduced from the whole of Justice Matthews' opinion the following rule; i. e.:

"That a combination, to be patentable, must produce a new and useful result as the product of the combination, and not a mere aggregate of several results, each the complete result of one of the combined elements." National Cash Register Co. v. American Cash Register Co., 53 Fed. 371, 3 C. C. A. 559.

There has been considerable objection to the enforcement of Justice Matthews' statement of the law in the letter of it, but in substance there must be co-operation of all the elements of a combination patent. How does the frame co-operate with the releasing device? What is the product of the wire glass and the destructible retaining device? I confess it appeals to me as an aggregation, rather than a combination. For the foregoing reasons the bill must be dismissed for want of equity.