### STEPHENSON v. SHORT.

(Circuit Court of Appeals, First Circuit. July 2, 1920.)

No. 1444.

Patents ⚙⟶328—722,766 and 1,011,874, for garbage receptacle, void for lack of invention.

The Stephenson patents, No. 722,766 and No. 1,011,874, for underground garbage receptacles, while for convenient articles, both cover combinations of old elements, which produce no new mode of operation and no new results, involving exercise of the creative faculty, and are void for lack of invention.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit by Charles H. Stephenson against Milledge C. Short. Decree for defendant, and complainant appeals. Affirmed.

Henry T. Williams, of Boston, Mass., for appellant.
H. J. Jaquith, of Boston, Mass., for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and MORTON, District Judge.

JOHNSON, Circuit Judge. This is an appeal from a decree of the District Court for the District of Massachusetts dismissing the bill of complaint in a suit for infringement of claims 1, 2, and 3 of letters patent of the United States No. 722,766, dated March 17, 1903, and claim 4 of No. 1,011,874, dated December 12, 1911, granted to the plaintiff, appellant, for underground garbage receptacles.

The usual defenses of invalidity and noninfringement were set up, and the District Court, while holding that the validity of the patents "is very far from clear," found that they were not infringed by the defendant's devices.

In both patents a holder or container is placed as a fixture in a cavity in the earth, and in it is a removable garbage receptacle, which receives the garbage and can be removed to be emptied. The container, in the case of each patent, is provided with a primary cover seated upon a flange at its top, and this cover is provided with a garbage-receiving mouth, over which there is a secondary cover, resting upon a flange in the primary cover. The operation of the secondary cover is thus described in No. 722,766:

> "To enable the operator to conveniently open the secondary cover *i* without stooping, I provide an operating member which is supported by the primary cover *h*, and is preferably formed as a treadle adapted to be moved by the foot of the operator, and suitable connections between the said operating member and secondary cover; the arrangement being such that when the operating member is moved by the operator's foot, or otherwise, the secondary cover will be elevated. A simple contrivance for this purpose is shown in which the operating member is a treadle pivoted to ears on the primary cover, which treadle has a hub portion upon it, with a shoulder in close proximity to its pivot on the primary cover, and an arm or lever portion extending a considerable distance from the fulcrum and having a face corrugated and adapted to be engaged by the operator's foot."

The whole combination may be simply described as a cylindrical holder set vertically into the earth and provided with two covers, a primary one, which may be opened to admit a garbage bucket, and in which there is a hole through which the garbage may be poured into the bucket when in place in the holder, and a secondary one, which covers this hole and is raised by a lever fulcrumed on the primary cover and operated by a foot treadle.

The second patent differs from the earlier patent in the means employed for raising the secondary cover. In it the treadle is rigidly secured to the secondary cover, and when this is closed the treadle projects upwardly and outwardly in an inclined direction beyond the hinge thereof. When this is pressed by the foot of the operator to lift and open the cover, the underside of the treadle being formed to engage the top of the receptacle limits the opening movement of the cover to less than 90 degrees, so that, when foot pressure upon the treadle is released, it will automatically fall back into place.

The convenience and advantage of such a garbage receptacle are plainly apparent, because both hands are left free to empty the garbage bucket into the receptacle, and it does not become necessary for the operator to stoop and grasp any part of the cover which, in cold weather, might cause injury to wet or moist fingers.

It was not invention to make use of a cavity in the ground in which to place garbage, nor is there anything about the can itself or its covers which entitle it to merit the term "invention"; but the plaintiff claims that the combination of the can with the covers and the lever operated by foot to raise a cover entitle him to a monopoly. Everything about this combination is old. At the time of Stephenson's first

application garbage containers had been used; double covers, primary and secondary, had been applied to them, and the desirability of foot operation had been pointed out. The use of a lever operated by a foot treadle is one of the oldest methods of imparting motion when it is desirable to have the hands disengaged. There are so many instances of such use that it seems hardly necessary to allude to any of them. The defendant has cited some:

No. 78,722, Detwiler, issued in 1868, is for a spittoon or cuspidor, provided with a primary cover and secondary cover, and a foot lever to lift the secondary cover.

No. 498,920, issued to Roth, is for a garbage receptacle, to be placed upon a platform and moved from one place to another. This is a receptacle provided with a top, upon which is an outwardly extended member, which is pivoted and connected to a treadle, so that, by pressing with the foot upon the treadle, the cover may be opened.

No. 257,087, issued to Spear in 1882, is a patent for a foot lever for opening oven doors of stoves.

Numerous patents are cited, which were issued for rigid levers on coffeepots, teapots, syrup jugs, etc.

It is admitted that all the elements of the combination for which both patents were issued are old; but it is claimed that a new and useful result is obtained by their co-operation. We do not perceive any new result produced in either patent by the co-operation of its elements. The application of a foot treadle to a lever, so that a cover can be thereby opened, is old in the art; and it required simply mechanical skill—and that of not a very high order—to adapt it to be used upon the cover of a garbage receptacle.

In Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U. S. 426, 38 Sup. Ct. 547, 62 L. Ed. 1196, which was a suit for infringement of a patent "for a gearing device applied to a washing machine, whereby the operation of wringing, in either direction, may be conducted and controlled simultaneously with the operation of washing, or separately, with one motor," the court held the patent to be "a combination of old elements, evolving no new co-operative function and producing no new result, other than convenience and economy," and "not patentable."

The court there said (247 U. S. at page 433, 38 Sup. Ct. at page 550 [62 L. Ed. 1196]):

"The operations of the wringer and the washing machine, although simultaneous, are independent one of the other. The control of the operation of the wringer is by an old and well-known method. From the co-operation of the elements, here brought together, no new result, involving the exercise of the creative faculty, which is invention, is achieved. Phillips may have produced a more convenient and economical mechanism than others who preceded him, but superiority does not make an aggregation patentable"—citing Specialty Manufacturing Co. v. Fenton Metallic Manufacturing Co., 174 U. S. 492, 19 Sup. Ct. 641, 43 L. Ed. 1058. "The assemblage of the old elements, and their operation in the manner indicated, may save time, and the mechanism may meet with a readier sale than other similar devices; but these things may result from mechanical skill and commercial enterprise, and do not necessarily involve invention."

In Roth the garbage receptacle was not placed underground, but it had a foot treadle device for raising the cover; and we do not think

it was invention to place the receptacle underground and have a foot treadle extending upwardly and outwardly, so that by connection with a lever the cover could be raised by it.

The difference between a combination of old elements, which may be patentable, and an aggregation which is only the result of mechanical skill, is fully discussed in Grinnell Washing Machine Co. v. Johnson Co., supra, and the authorities upon which the distinction rests are there collated, so that no further reference to them is necessary.

We think the devices described in both patents in suit amount merely to mechanical improvements, as pointed out in that opinion, and that both patents are void for want of invention and not patentable.

The decree of the District Court is affirmed, with costs in this court to the appellee.