CRITERION ADVERTISING CO., Inc., v.
SEELY et al.

(District Court, D. Massachusetts. April 9,
1925.)

No. 2043.

**1. Equity ⬤=41 — Jurisdiction not retained when no right to equitable relief shown and action at law pending.**

Where employer had brought action at law in state court against former employee, who had entered similar business, for breach of contract of employment and unfair competition, federal court will not retain jurisdiction of suit for injunction, accounting, and damages, for purpose of assessing damages, if no right to equitable relief is shown.

**2. Patents ⬤=328—No. 1,216,012, for metal panel for billboard, or like purposes, held void for want of invention.**

Patent No. 1,216,012, for metal panel with molding around its sides for use as billboard, or for other like purposes, held void for want of invention.

**3. Trade-marks and trade-names and unfair competition ⬤=67—Right to conduct lawful business entitled to protection.**

The right to conduct a lawful business is entitled to protection against unfair competition.

**4. Trade-marks and trade-names and unfair competition ⬤=68—Employee, who entered business similar to that of employer on termination of employment, held not guilty of unfair competition.**

Former employee of billboard company, who helped organize and engaged in similar business on termination of his employment, and who secured contracts from prospective customers of his former employer, and from competitors of former employer's customers, held not guilty of unfair competition, in absence of secret and confidential information acquired during employment.

In Equity. Suit by the Criterion Advertising Company, Inc., against Elmer R. Seely and others. Decree of dismissal.

Horace Van Everen, of Boston, Mass., and Mayer, Warfield & Watson, of New York City, for plaintiff.

Frederick L. Emery, Everett S. Emery, and Emery, Booth, Janney & Varney, all of Boston, Mass., for defendants.

BREWSTER, District Judge. The plaintiff is engaged in the advertising business. It solicits contracts from manufacturers and others for the display of advertisements on billboards upon which it holds letters patent. The defendant Seely was employed by the plaintiff as solicitor under a written contract, which provided in part that he should give his whole time to his employment (with an exception not now important), and "that during the term of this agreement, he will not enter the employ of any individual, partnership, or corporation other than the company (except F. H. Birch & Co., of Boston), nor during the term of this agreement will he either directly or indirectly engage in, or become interested in, any business or enterprise which is now, or which may hereafter be, or tend to be, in competition with or antagonistic to the success and purpose in which the company is now, or in which it may hereafter be, engaged." This contract of employment was terminated March 15, 1924. Shortly thereafter Seely entered into partnership with one Buff for the purpose of engaging in the advertising business along similar lines. On August 20, 1924, the partners, Seely and Buff, organized the defendant corporation under the laws of the commonwealth of Massachusetts. Buff is treasurer of the corporation, and owns the controlling stock interest therein. Seely is president. The firm of Seely & Buff procured a contract with the New England Bakery Company for display on about 400 boards. This contract was later assigned to the defendant corporation. The plaintiff claims that this contract was secured for it by Seely prior to March 15, 1924, and was diverted to the defendant corporation unlawfully; that other contracts, obtained either by the partners or by the corporation, were procured by means of the unfair and unlawful use of confidential information acquired by Seely while in the employ of the plaintiff; that in the execution of these contracts the defendant corporation is using billboards which infringe plaintiff's patent.

The plaintiff seeks injunctive relief and an assessment of damages. It would enjoin the defendant corporation from further use of the patented billboard, and would compel it to turn over to the plaintiff all proceeds received on account of contracts unfairly obtained, and to account for all acts of infringement and other wrongful acts, including triple damages for infringement.

[1] A statement as to the course pursued by the plaintiff prior to the filing of this bill of complaint will conduce to a better understanding of the situation. The plaintiff first brought a bill in equity in the state court against Seely and the firm of Seely & Buff, alleging substantially the same breach of contract and the same acts of unfair competition and unlawful use of billboards. Later, in the same court, it brought against Seely an action at law to recover damages resulting from an alleged breach of the writ-

ten contract of employment between Seely and the plaintiff. These proceedings are still pending. The plaintiff refused to discontinue either of them. So far, therefore, as plaintiff is invoking the jurisdiction of this court for the purpose of an assessment of damages resulting from any breach of the defendant Seely's contract of employment, it appears that not only has plaintiff a complete and adequate remedy at law, but that it has already resorted to the courts of another jurisdiction for the enforcement of that remedy. Consequently I am of the opinion that this court would not be justified in retaining jurisdiction of this bill of complaint, unless the plaintiff is entitled to equitable relief against Seely and the corporation, or either of them. The plaintiff would be entitled to such relief if (a) defendant corporation is infringing a valid patent of plaintiff; or (b) if the course pursued by defendants, or either of them, can be said to constitute unfair competition; or (c) if the defendant is under any obligation cognizable in equity to account for and turn over the proceeds from contracts for billboard advertising which it has procured from actual or prospective customers of the plaintiff.

First, as to the question of infringement, I find that the defendant corporation has used and is using, in connection with its advertising business, billboards similar in appearance, design, and construction to those covered by plaintiff's patent. If plaintiff's patent is valid, the defendant without doubt has infringed and is infringing. But defendant attacks the validity of the patent and thereby raises the most vital issue of the case. The validity of plaintiff's patent is disputed on the ground that it lacks that invention or discovery which necessarily constitutes the foundation of a right to a patent.

Plaintiff's assignors, Taylor and Melville, applied for the patent in question March 21, 1914, and on February 3, 1917, letters patent No. 1,216,012 were issued to plaintiff. The patent relates to a "billboard and the like," and purports to cover a metal structure suitable for displaying advertising sheets known as three-sheet posters. The first claim under the patent is as follows:

"A billboard or the like, comprising a base portion formed of a pair of members seamed together along one edge, each of said members having a molding portion formed integrally therewith on the opposite edge, and separately formed molding pieces extending between said mentioned molding portions to complete a marginal molding about said base portion, said separately formed molding pieces being arranged to bridge the seam."

The second claim in the patent is similar to the first, except that it provides for bringing together the two members comprising the flat portion in a seam at their adjacent edges, "to form a stiffening rib for said base portion."

Defendant's billboard comes within the scope of the above claims; but, as all the claims set forth in the patent stand or fall with the first and second claim, a brief reference may be made to the three remaining claims of the patent. The third and fourth claims involve the same principle of construction, but provide for a plurality of base members, two of which carry the vertical molding. The fifth claim is for a supporting means.

In Gould Coupler Co. v. Pratt (C. C.) 70 F. 622, cited by plaintiff, Judge Coxe said the test should be "whether the patentee has given the world something new; whether the public is richer for his contribution to the art; whether he has produced novel and beneficial results. Invention should be determined more by an ascertainment of what the inventor has actually accomplished than by a technical analysis of the means by which the result is attained." Applying this test, the evidence in the case at bar in my opinion fails to disclose in plaintiff's billboard anything that could be said to be new or novel; anything that would support the idea of discovery or of invention. And this is equally true, whether we consider the method of construction, the completed structure, or the uses to which the structure may be put. In the last analysis we are dealing only with a patent which purports to cover a metal panel with molding around its four sides, which panel can be used as billboard or for other like purposes.

There was evidence before me that for many years prior to 1914 sheet metal workers had constructed metal panels with raised moldings, which had been used for doors, ceilings, and for advertising purposes; that in constructing these panels the vertical molding had formed an integral part of the base, and the end moldings had been formed separately, and mitered or riveted into place; that if the width demanded it, and there was no objection to a vertical seam, the base had consisted of two parts brought together in a "lock seam" running up and down through the center of the panel. It also appeared in evidence, and I so find that

for some considerable period of time prior to 1914 metal billboards with raised moldings had been used in the New York subways for the purpose of displaying advertising sheets. They differed from the plaintiff's billboard only in size and style of molding and they carried no vertical seam in the base of the panel.

Plaintiff claims something for this middle seam joining the two base members on the ground that it operates to strengthen the panel. The evidence leaves one in doubt whether on the whole this seam adds anything of value to the structure but whatever of improvement may be attributed to it it is only incidental to the main purpose of the seam which is to join the two metal strips constituting the base of the panel. The improvement contributed nothing new to the art. The ordinarily skilled artisan or mechanic if called upon to construct a metal panel with moldings of a size sufficient to carry three-sheet posters would have adopted this method of construction including the center seam the integral side moldings and the separately formed end moldings.

Three earlier patents covering improvements in metal panels, which appear not to have been considered by the Examiner in the Patent Office, at least so far as the file record shows, were introduced in evidence before me. In 1893 one Moore was granted letters patent of the United States, No. 500,595, on a metal panel with side rails (moldings) formed integrally with the base, with corresponding end rails separately formed and fastened into place by suitable means. These panels were specially designed for ceiling. In 1906 one Wege received United States letters patent No. 837,014, covering metal panel construction "comprising a body portion having raised side portions, formed high parts, and separate raised end portions; also formed high parts arranged between the side portions." In 1908 one Perry took out two patents, Nos. 884,951 and 892,615, covering billboards constructed of two or more metal panels, which could be detached from the frame, receive the advertising matter, and then be replaced. These panels, under Perry's patent, carried no ornamental raised border, but they furnish evidence that all-metal panels for displaying advertising matter were discovered several years before 1914.

It is contended by the plaintiff that these patents relate to nonanalogous arts, but it may be noted that plaintiff's patent covers metal panels to be used, not only for billboards, but for like purposes.

But I do not think this case turns so much on anticipation as on the absence of any discovery involving the exercise of the inventive faculty. Dunbar v. Meyers, 94 U. S. 187, 24 L. Ed. 34; Atlantic Works v. Brady, 107 U. S. 192, 2 S. Ct. 225, 27 L. Ed. 438.

The principal contention of the plaintiff in support of the invention is that Taylor and Melville produced a novel "entity," which is patentable as "a combination," notwithstanding that they combined old elements long known to the art. But the answer to that claim is that the combination produced nothing new, either in respect to results or benefits. See Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749; Grinnell Washing Machine Co. v. Johnson Co., 247 U. S. 426, 38 S. Ct. 547, 62 L. Ed. 1196; Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241.

It should be borne in mind that we are not now dealing with a combination of old elements producing a new result, such as a new process of manufacturing, or a new machine for manufacturing. When a billboard is constructed according to plaintiff's patent, we have nothing new, except the size and the style of molding. This, I take it, is not sufficient to support a claim for a patent under the laws of the United States.

In Office Specialty Manufacturing Co. v. Fenton Metallic Manufacturing Co., 174 U. S. 492, 19 S. Ct. 641, 43 L. Ed. 1058, the rule is laid down as follows:

"Where a combination of old devices produces a new result, such combination is doubtless patentable, but where the combination is not only of old elements, but of old results, and no new function is evolved from such combination, it falls within the rulings of this court in Hailes v. Van Wormer," supra.

[2] Upon consideration of the authorities, and having especially in mind the prior state of the art, I reach the conclusion that the plaintiff's patent is void for want of invention, and in reaching this conclusion I have not been unmindful of the presumption arising in favor of the plaintiff by virtue of the fact that a patent has been granted, and the fact that a former employee participated in the alleged acts of infringement.

Coming now to the question of unfair competition, the material facts upon which the plaintiff bases its claim to equitable relief against alleged unfair conduct on the part of the defendants, so far as such facts are established by the evidence, are that the defendant Seely was formerly in its employ; that after leaving the employ he formed a

partnership with one Buff, with whom later he joined in the organization of the defendant corporation; that he is now an officer of that corporation; that the corporation is engaged in the advertising business in competition with the plaintiff in certain territories; that Seely, on behalf of the defendant corporation, solicits contracts for advertising; that he has secured contracts from prospective customers of the plaintiff; that the plaintiff engages with certain of its customers that it will not advertise the merchandise of a rival manufacturer in the same cities and towns where the customer's merchandise is advertised; that the defendant Seely and the defendant corporation, knowing this, have been able to secure contracts from such rivals for advertising competing merchandise in the same cities and towns where the plaintiff advertises.

[3] It is these acts of the defendants which the plaintiff says constitute an invasion of its rights to conduct a lawful business, and entitles it to the protection of this court. It is well established that the right to conduct a lawful business is entitled to protection, and is the basis of jurisdiction in the ordinary case of unfair competition. International News Service v. Associated Press, 248 U. S. 215, 39 S. Ct. 68, 63 L. Ed. 211, 2 A. L. R. 293.

[4] I find myself unable to discern in this situation any grounds for holding that plaintiff's rights to conduct a lawful business have been disturbed. The defendant corporation could engage in the business of advertising by means of billboards without impairing any rights of the plaintiff. The plaintiff had no right to a monopoly of that business in any particular locality, and the defendant, having the right to engage in the business, could solicit contracts for advertising and employ for that purpose the defendant Seely, who, I take it, could solicit former prospects of the defendant and on behalf of the defendant corporation enter into contracts with them, providing that he did not with the knowledge of his employer use secret and confidential information which he had acquired while in the employ of the plaintiff. I do not find that Seely did transgress in this respect. The evidence does not warrant a finding that the defendant corporation indulged in any conduct in the furtherance of its business which could be said to unnecessarily or unfairly injure the business of the plaintiff. There is no intimation that it attempted to "palm off" its service for that of the plaintiff. While it is undoubtedly true that the defendant corporation has become a competitor, and has secured contracts which possibly might have gone to the plaintiff, yet on all the testimony I do not regard any of the acts so far unfair and wrongful as to entitle the plaintiff to injunctive relief. It goes without saying that a manufacturer is free to advertise wherever and through whatever agency it chooses, and the plaintiff can assert no rights to their patronage, or claim any damages by reason of its failure to secure contracts from them.

I have no doubt regarding the soundness of this proposition, and it disposes effectually of the prayer of the plaintiff for an accounting regarding the proceeds of the advertising contracts secured by the defendant corporation, which the plaintiff claimed belonged to it. If the defendant Seely failed to submit for confirmation or approval any contract which he had obtained while with plaintiff, such action may give rise to a claim for damages, for which, as already indicated, an adequate remedy at law exists. The defendant corporation, at the time it secured the contract from the New England Bakery Company, was under no obligations to the plaintiff, and was at liberty to undertake the contract, if the baking company saw fit to give it to it, instead of to the plaintiff.

I see no justification for this court now stepping in and saying that the contract belonged to the plaintiff, instead of to the defendant, and requiring the defendant to account to the plaintiff for the proceeds.

Having reached the conclusion that the plaintiff's patent is invalid, that the defendants have not been guilty of unfair practices, and that the defendant corporation is under no obligation to account for any of its contracts, it follows that this court would not be justified in retaining jurisdiction of this bill of complaint; and accordingly it may be dismissed, with costs.