**In re JOHNSON et al.**
**Patent Appeal No. 2604.**

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Otto R. Barnett and Perceival H. Truman, both of Chicago, Ill., for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The subject-matter of this appeal is for certain improvements in mechanism for feeding sheets, particularly metal sheets, to a lithographing press. Some nine claims were allowed in the Patent Office, and four claims, which were broader in scope, were rejected by the primary examiner on the ground of lack of invention in view of three references:

Cameron, 1,283,659, November 5, 1918.

Conran, 1,301,799, April 22, 1919.

Kronquest, 1,395,232, October 25, 1921.

The claims which were rejected are as follows:

"14. In sheet feeding apparatus the combination of a support for a stack of sheets, a vertically reciprocating vacuum cup arranged above said support adapted to be exhausted when in contact with the sheet and to be open to the atmosphere when in elevated position, mechanism for raising the cup *and thereafter releasing the same,* and a *spring* which presses the cup *when released* into contact with the upper sheet of the stock.

"15. In sheet feeding apparatus the combination of a support for a stack of sheets, a vertical reciprocating vacuum cup arranged above said support adapted to be exhausted when in contact with the sheet and to be open to the atmosphere when in elevated position, mechanism for raising the cup *and thereafter releasing the same,* a *spring* which presses the cup *when released* into contact with the upper sheet of the stack, and a horizontally reciprocating element adapted to engage the edge of the sheet on the cup when raised and give said sheet movement laterally away from the stack.

"16. In sheet feeding apparatus the combination of a support for a stack of sheets, a vertically reciprocating *resilient* vacuum cup arranged above said support adapted to be exhausted when in contact with the sheet and to be open to the atmosphere when in elevated position, mechanism for raising the cup *and thereafter releasing* the same, and a *spring* which presses the cup *when released* into contact with the upper sheet of the stack.

"17. In sheet feeding apparatus the combination of a support for a stack of sheets, a *plunger* vertically arranged above the support and provided with an *air port therethrough* and with a *resilient* vacuum cup at its lower end, means providing a *vacuum duct,* a rotating cam which raises the plunger putting said port in communication with the atmosphere, a *spring operative when the plunger is released* by said cam *for forcing the cup into contact with the stack* of sheets *and bringing said port into register with said vacuum duct,* and a horizontally reciprocating element adapted to engage the edge of the sheet on the cup when raised and give said sheet movement laterally away from the stack."

The italicized words are quoted from the claims as they appear in appellant's brief and are by him stated to be so italicized for the purpose of differentiating the claims from the cited patents.

The Board of Appeals, by a majority decision, affirmed the action of the primary examiner in rejecting the claims. One member of the Board of Appeals dissented from the decision of the majority.

The mechanisms of the reference Conran and applicant's disclosure are so complicated that no useful purpose would be served by describing the same in detail here. The structures of applicant's disclosure and of the references are, we think, sufficiently described in the decision of the majority of the board and in the dissenting opinion.

Appellant in this court states that: "It is well settled that where the claimed invention is for a *combination* of parts, such combination is patentable if new *as a combination* even though *all* of the parts are separately old and *some* of them are found in combination." (Italics quoted.) He furthermore states that: "The question is, therefore, whether the Conran patent does or does not disclose the same general organization of parts claimed by appellant."

The first statement may be all right as far as it goes, but it does not go far enough. It should also state that the combination of old parts must produce a new and useful result and must not be such as is obvious to the mechanic. As to the second quoted statement, the issue is more than "whether the Conran patent does or does not disclose the same general organization of parts claimed by appellant." A little different arrangement, on the part of applicant, of the various parts shown in Conran, with slightly different functions, would not of necessity result in patentable invention. The latest expression of the law on this question, to which our attention has been directed, is found in the decision of the Supreme Court of the United States in Powers-Kennedy Contracting

Corp. and Fleck v. Concrete Mixing & Conveying Co., 51 S. Ct. 95, 99, 75 L. Ed. ——, decided December 15, 1930. In an opinion by Mr. Justice Roberts, the law on this subject is summed up in the following language:

"For these reasons we find that the patent is invalid. It consists of a combination of elements all of which were old in the art. Its application to the transportation of concrete did not involve invention. Neither the combination of old elements or devices accomplishing no more than an aggregate of old results (Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241; Office Specialty Co. v. Fenton, 174 U. S. 492, 19 S. Ct. 641, 43 L. Ed. 1058, 87 O. G. 118; Grinnell v. Johnson, 247 U. S. 426, 38 S. Ct. 547, 62 L. Ed. 1196, 254 O. G. 225) nor the use of an old apparatus or appliance for a new purpose (Roberts v. Ryer, 91 U. S. 150, 23 L. Ed. 267), is invention."

We conclude, after a careful study of appellant's disclosure and the Conran structure, that Conran not only does not have the same structure or the same combination of parts as is shown in applicant's device, but that it is probable that the Conran patent cannot operate in the same manner and do the same desirable things that can be done by appellant's structure. The same is true as to the other references and they are less pertinent. Appellant has devised a mechanism consisting of a plunger and vacuum cup in combination with a spring which, when released, makes accurate pressure upon a stack of sheets without regard to their exact height. Applicant's device does not require that the pile of sheets be raised so that the top of the same will always be at exactly the same height, which, to our minds, to say the least, is curing a very weak place in Conran's structure. Furthermore, it seems probable that applicant's machine will satisfactorily work on a material which could not be satisfactorily handled by the Conran devise.

It seems to us that there is, at least, a reasonable doubt as to whether appellant has invented anything which the disputed claims cover. In this view we are, we think, supported by the fact that one of three members of the board is very positive that the appealed claims cover features of appellant's structure which required invention to produce.

We are therefore, of the opinion that, under such circumstances, the claims should have been allowed and the decision of the Board of Appeals is reversed.

Reversed.

LENROOT, Associate Judge (concurring).

I concur in the conclusion of the majority of the court. The court has, I think, properly found patentability of the claims in issue, based upon the fact that, as stated in the opinion:

" * * * Appellant has devised a mechanism consisting of a plunger and vacuum cup in combination with a spring which, when released, makes accurate pressure upon a stack of sheets without regard to their exact height. * * * "

The Solicitor of the Patent Office, both in his brief and upon oral argument, contended that the reference Conran secured the same result by gravity, that is, by the weight of the parts pressing the cup toward the sheets, that appellant secures with a spring, and that the weight in Conran is the mechanical equivalent of a spring.

In view of this argument, I think the tribunals of the Patent Office might conclude from the opinion of the majority that the court does not agree with the contention that pressure produced by weight is the mechanical equivalent of a spring. I think it is, and if the reference Conran showed that the suction cup, through the action of gravity, pressed upon the upper sheet of the stack of sheets regardless of the exact height of the stack, then I should have been of the opinion that the reference fully anticipated appellant's disclosure and that the claims were not allowable. I am of the opinion, however, that the Conran reference clearly shows that the cup can only descend to a predetermined point, and that if the stack of sheets is lower than such point the cup will not come into contact with it. Conran provides certain adjustment blocks which prevent the cup from being lowered below a fixed point. It is for that reason that the argument of the Patent Office that weight is the mechanical equivalent of a spring has no application here, for weight in Conran will not accomplish, for the reason stated, what is accomplished by appellant's device.

I think the majority opinion should have clearly set forth this fact so as to make it clear that the court was not deciding that pressure produced by weight was not the mechanical equivalent of a spring where the weight would accomplish the same result as that secured by a spring. Had the majority opinion made this clear, I should have joined in the opinion as written.