GREIST MFG. CO. v. PARSONS.*

(Circuit Court of Appeals, Seventh Circuit. April 14, 1903.)

No. 944.

1. PATENTS—INVENTION—SEWING MACHINE ATTACHMENTS.
The Johnston patent, No. 324,261, for a ruffling or gathering attachment for sewing machines, covers a combination of old elements to produce a device new in form, but old in function, having no new mode of operation, and producing no new result, and is void for lack of invention.

2. SAME—IMPROVEMENT IN MECHANICAL DEVICE—REDUCING COST OF CONSTRUCTION.
A patent for an improvement in a machine which is a combination of mechanical elements adapted to the production of a mechanical result cannot be sustained on the ground alone that because of the changes made in the arrangement of the parts the machine may be more cheaply made.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Appellant unsuccessfully sought to hold appellee for infringement of the first, third, and fifth claims of letters patent No. 324,261, August 11, 1885, to Johnston, appellant's assignor. The circuit court ruled, in substance, that the claims, if valid, were limited by the prior art to the precise structure shown in the drawings and described in the specification, and that, so construed, they were not infringed by appellee's device.

The claims in suit and a part of the specification read as follows:

"This invention has reference to that class of ruffling or gathering attachments (for sewing machines) now most commonly used which have a reciprocating blade to form the goods into plaits or folds; but it is in part applicable to other rufflers or gatherers.

"The invention consists, first, in new means for regulating the stroke of the ruffler-blade. In letters patent 259,643, granted to me June 13, 1882, a ruffler is described in which the blade is reciprocated by a pin moving between two stops, and the stops are made adjustable toward and away from each other by one movement of an adjusting device, so that the said blade moves farther forward in making full than in making scant gathers.

"In letters patent No. 264,038, granted to me September 5, 1882, an improvement upon or modification of the former invention is described, the stops being formed by the walls of a groove of varying width cut in the periphery of a cylinder. By turning the cylinder the reciprocating pin acts in different parts of the groove, so that the lost motion is varied according to the different widths of said parts.

"The present new means for regulating the stroke may be considered as an improvement upon or modification of both the former ones described in said patents.

"Instead of the pin a contact device, pivoted or otherwise supported so that it can be turned, is interposed between the stops, and the adjustment is effected by turning the said contact device. The part to which the stops are fastened or in which they are formed may be reciprocated and communicate its motion to the part which carries the contact device, or the part carrying the adjustable contact device may be reciprocated and impart its motion to the other. Both forms will be shown. This construction of a contact device, adjustable by turning and interposed between stops, can be used not only when the said contact device and stops are such that the ruffling-blade is advanced farther in making full than in making scant ruffles, but also when this is not the case, the effect depending upon the shape of the contact device and stops.

---

* Rehearing denied October 6, 1903.

"Another improvement consists in combining, with two levers for communicating motion from a moving part of the sewing machine to the ruffler-blade, adjusting means carried thereby for altering the stroke of said blade when one or both said levers is supported and turned upon a fixed center or pivot, and when the adjusting means are so constructed and arranged that the ruffler-blade is advanced farther in making full than in making scant ruffles or gathers. * * *

"It may be observed that there is no novelty, broadly, in placing the means for regulating the stroke upon the levers for operating the ruffler. The only novelty, so far as that feature is concerned, resides in the placing there of the particular kind of regulating means indicated, and in the adapting or constituting of such means to operate in that position. * * *

"It is evident that modifications may be made in details without departing from the spirit of the invention, and that parts of the invention may be used separately. * * *

"What I claim is:

"(1) In combination with a ruffler-blade operating mechanism comprising two reciprocatory parts, stops upon one of them, and an interposed pivoted contact device carried by the other of said parts, and adjustable with respect to both stops to vary the amount of lost motion, and also to a less extent the forward limit of the blade's motion, so that said blade is advanced farther in making full than in making scant gathers, substantially as described.

"(3) The combination, with the ruffler-blade and ruffler-frame, of the two levers pivoted at a common point to the ruffler-frame, stops on one lever, and an adjustable interposed contact device carried by the other, substantially as described.

"(5) The combination, with a ruffling device or blade, two reciprocatory parts, and stops on one of said parts, of a journaled or pivoted contact device interposed between the stops and adjustable by turning on its journal or pivot, substantially as described."

The prior art is illustrated in the record by the following patents: 120,173, October 24, 1871, to Toof; 125,230, April 2, 1872, to Toof; 130,592, August 20, 1872, to Perkins; 139,064, May 20, 1873, to Johnston; 146,005, December 30, 1873, to Johnston; 157,462, December 8, 1874, to Sievers; 158,834, January 19, 1875, to Darby; 181,879, September 5, 1876, to Toof; 200,431, February 19, 1878, to Burgess; 211,679, January 28, 1879, to Wilson; 229,877, July 13, 1880, to Elliott; 231,844, August 31, 1880, to Onderdonk; 233,025, October 5, 1880, to Rowley; 235,235, December 7, 1880, to Harris; 238,086, February 22, 1881, to Carter; 245,471, August 9, 1881, to Farwell; 258,939, June 6, 1882, to McMullen; 259,511, June 13, 1882, to Edgecomb; 259,643, June 13, 1882, to Johnston; 260,633, July 4, 1882, to Amaden; 263,332, August 29, 1882, to Garretson; 264,038, September 5, 1882, to Johnston; 264,456, September 19, 1882, to Hamilton; 266,544, October 24, 1882, to Smith; 269,781, December 26, 1882, to Giddings; 271,890, February 6, 1883, to McCaslin; 272,427, February 20, 1883, to Grotz; 280,926, July 10, 1883, to Griest; 290,478, December 18, 1883, to Sackett; 293,090 and 293,091, February 5, 1884, to Sackett; 296,740, April 15, 1884, to Goodrich; 311,119, January 20, 1885, to Griest.

John W. Munday and Henry Love Clarke, for appellant.

John G. Elliott, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). The patent relates to alleged improvements in sewing-machine attachments for making ruffles, plaits, or gathers. In the operation of these attachments, as a genus, a steel blade moves back and forth near the needle in the direction of the feed; levers are so connected that the up-and-down motion of the needle-bar is converted into the to-and-fro movement of the ruffling-blade; the two pieces of cloth to be sewn together are placed under the needle, with the ruffling blade in contact

with the upper piece; and as the needle rises out of the cloth the ruf-fling-blade pushes the upper piece into a fold which is secured by a stitch when the needle descends. To regulate the size of the fold, one species had means for controlling the amount of "lost motion" between the needle-bar and ruffling-blade. The less the lost motion, the greater the stroke of the ruffling-blade, and vice versa. Within this species, one class adjusted only the limit of the backward stroke of the ruffling-blade, while another adjusted also, to a less extent, the limit of the forward stroke, so that the blade moved farther forward in making full than in making scant gathers, in order to bring the stitches nearer the center of the folds. This was all old. To the creation of genus or species or class the disclosure in the present letters contributed nothing. The alleged improvement is a mere variation within the last-named class.

The mechanism, so far as the claims in suit are concerned, may be described as consisting of two levers, pivoted at a common point, one connecting with the needle-bar and the other with the ruffling-blade, which levers are made to co-operate with each other by means of two stops mounted on one of the levers and a cam-shaped contact device pivoted to the other lever and interposed between the stops. By turning the cam on its pivot, its opposite edges may be caused to recede from or approach both stops simultaneously, where-by the amount of lost motion between the levers is varied, and the limit of both the forward and backward stroke of the ruffling-blade is adjusted.

We do not concur with appellee in the contention that Johnston in his specification disclaimed all novelty except in the form of the stops and pivoted cam. The wording of the disclaimer, in connection with that of the claims in suit, indicates that Johnston asserted priority in pivoting the levers at a common point and putting upon one lever two stops and a cam between them pivoted to the other lever; that the novelty lay in the placing of the cam between the stops, and in adapting them to co-operate in that position, and not in the precise form of cam and stops shown in the drawings and described with par-ticularity in the specification. And a careful examination of the 35 reference patents fails to disclose a ruffler that may not be distin-guished from the exact terms of each of the claims sued upon. But the prior art is full of various combinations of levers, stops, and cams, which were operative to produce all the work that can be done with appellant's ruffler. It was old to pivot the levers at a common point, and place two stops upon one of the levers, and upon the other an ad-justable contact device to act between the stops. Smith, No. 266,544, for example, shows this. The kinds of contact devices were many. And Johnston, No. 259,643, had demonstrated the effectiveness of the cam, by a single movement thereof, not only to vary the limit of the backward stroke of the ruffling-blade, but also, to a less extent, the forward stroke. He did this by means of a pin between two stops, one of which was a cam, and the other a plane which, by connection with the cam, moved toward or from the pin in accordance with the cam's movement. This was not a cam between two pins, but, in

effect, a pin between two cams that could be moved as one; and, taking either the forward or backward stroke of the ruffling-blade, the difference was that between a pin striking against a cam and a cam striking against a pin. Each element of the claims in suit was old in this very art, and had been used to perform the same function assigned to it in Johnston's present device. This ruffler introduces no new mode of operation, produces ruffles no better and no faster, and does not afford to the user (though it may to the manufacturer) any advantage over others. The novelty consisted in selecting and rearranging old elements to produce a machine new in form, but old in function, and therefore an old machine. And though Johnston made a better selection and arrangement than did Horace's painter, who "joined a human head to neck of horse, culled here and there a limb, and daubed on feathers various as his whim, so that a woman, lovely to a wish, went tailing off into a loathsome fish," the genius of the artist was not more wanting in the one case than that of the inventor in the other; for "it is not invention to combine old devices into a new article without producing any new mode of operation." Walker on Patents (3d Ed.) § 37; Burt v. Evory, 133 U. S. 349, 10 Sup. Ct. 394, 33 L. Ed. 647; Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20, 34 L. Ed. 574; Interior Lumber Co. v. Perkins, 80 Fed. 528, 25 C. C. A. 613; Kelly v. Clow, 89 Fed. 297, 32 C. C. A. 205.

Appellant urges very earnestly that Johnston gave a good consideration, for which the grant of a monopoly should be sustained. That consideration is the alleged cheapness of manufacturing this ruffler. It is said that Johnston made such a selection and arrangement of elements that the parts of the ruffler can be stamped out of sheet metal by the use of presses and dies. But the patent is for improvements in a machine which is a combination of mechanical elements adapted to receive and apply motion to the production of a mechanical result. And the patent would as certainly be infringed by a ruffler of which the parts were forged or cast or machined as by one made of stampings. The consideration of cheapness therefore lies in the process, and not in the product.

The decree is affirmed.