### ELITE MFG. CO. v. ASHLAND MFG. CO.

(Circuit Court of Appeals, Sixth Circuit.   October 3, 1916.)

#### No. 2815.

1.. PATENTS ⟨⟩25—INVENTION—WHAT CONSTITUTES.
  There is no invention in selecting and assembling the most desirable parts of different mechanisms in the same art, where each operates in the same way in the new device as it did in the old and effects the same results.
  [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–29; Dec. Dig. ⟨⟩25.]

2. PATENTS ⟨⟩328—VALIDITY—ANTICIPATION.
  The Burkholder patent, No. 1,004,741, for a lift jack for automobiles, held invalid for lack of invention and anticipation.

3. PATENTS ⟨⟩328—PATENTABILITY—LACK OF INVENTION.
  The Burkholder design patent, No. 44,837, for a design for a lifting-jack standard, held invalid for want of invention, showing neither beauty, originality, nor creative design.

Appeal from District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Suit by the Elite Manufacturing Company against the Ashland Manufacturing Company. From a judgment for defendant, plaintiff appeals. Affirmed.

M. G. Norton, of Cleveland, Ohio, for appellant.
C. L. Parker, of Washington, D. C., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

SATER, District Judge. The plaintiff, as assignee of the Burkholder patents, No. 1,004,741, for a lift jack for automobiles, issued October 3, 1911, and No. 44,837, for a design for a lifting-jack standard, issued November 4, 1913, lost its infringement suit against the defendant in the lower court on the ground that neither of its patents disclosed novelty or an exercise of the inventive faculty. Relief

is sought against such adverse ruling. The claims of the first-named patent are shown in the margin.[1]

[1, 2] The lift jack is not exclusively adapted to automobiles, but may be used for the same general purposes as other lift jacks. The upright standard on which the parts of the jack are mounted has a wide base, its greatest extension being in front of the standard and beneath the supporting arm of the head or rest for the automobile hub. The upper surface of the rest is depressed or curved, the better to engage the object to be raised. Lateral flanges project from the front edges of the standard. A lift bar, having rachet teeth on its outer edges, and so attached to the front of the standard by ears or lugs as to permit its sliding on the standard, projects laterally at its top. Through this projecting portion is a tapered vertical hole in which is inserted the shank of the revolvable rest for the automobile hub or other object to be supported. To an extension at the top of the rear of the standard is affixed by an outer pivot a handle or lever used in operating the jack. Its inner extension is bifurcated at an obtuse angle to its main portion, thus forming a crank handle or lever. To the end of the bifurcated portion of the handle is a yoke or link which extends downward embracing both the standard and the lift bar, its lower curved part engaging the underportion of the nearest ratchet tooth and thus holding the lifted object in an elevated position when the jacking-up process is ended. The jack is operated by placing it where it is to stand; the lift bar is then raised by the handle until it engages the object to be lifted; the yoke is at the same time made to engage the lower surface of the nearest ratchet tooth with the handle in a raised position. The handle being then depressed to its lowest position, raises such object so as to be supported by the jack.

The lifting-jack art is so old and so highly developed as to afford slight opportunity to inventive genius. Claims submitted by the patentee were repeatedly rejected by the patent examiner. The defendant rightfully contends that the two claims finally allowed and here involved are substantially the same as those declared invalid for want of patentable novelty in the interference proceeding between the patentee and Willour, the only difference aside from that of descriptive wording being the inclusion of flanges in claim 1 and a pivot and socket in claim 2. The decision made in that proceeding was not assailed and remains undisturbed. The plaintiff answers that such inclusions, in view of the state of the art, are obviously secondary matters and that the primary feature of its device is the lift bar with an

---

[1] 1. In a device of the character described, a standard, having flanges at its front edges, a lift bar having slidable engagement on said flanges and provided with an outward projection integral with the front edge thereof, and a head having a free pivot on said projection to rotate horizontally, and means to raise said lift bar in respect to said standard.

2. In a device of the character described, a standard, a lift bar mounted upon the edge thereof and provided with an integral arm at its top and a socket in its extremity and a head having a transverse depression on its top adapted to engage the object to be raised and a spindle on its bottom rotatable in said socket.

integral arm and a rotatable head; but these features were also old in the art. A comparison of the plaintiff's jack with the numerous prior patented devices shown in the record would be tedious and is not deemed necessary. Reference to a few will suffice. In construction and principle of operation the Rikard device, patent No. 375,769 (1888), excepting as to flange and pivot and socket features, bears a strong family resemblance to that of plaintiff. But the flanges and every other element, excepting the rotatable head, called for by claim 1, is seen in earlier patents—that of Huber, for instance, No. 362,085 (1887). Excepting the spindle rotatable in its socket, the Cox patent, No. 468,965 (1892), embraces all the elements of the second claim. Rotatable heads are found in a number of earlier patents —some of which are Parks, No. 240,330 (1881), Garcin, No. 303,504 (1884), Aiken, No. 480,685 (1892), and Wands, No. 806,088 (1905). A head or rest with a transverse depression is seen in several of the patents. Heads of that character susceptible of being turned, like that in the plaintiff's device, to any desired position for placing the jack for lifting purposes, appear in the Welles patent, No. 750,740 (1904), and in that of Wands, who specifically mentions this characteristic of his jack. The particular means specified in claim 2 for rotating the head is covered by the patents of Aiken and of Ammidown, No. 60,114 (1866). The various elements shown in plaintiff's patent and mentioned in its respective claims are all found in the prior art, performing respectively the same function in the same way and producing the same result as in plaintiff's device. We are not unmindful that to combine old parts in such manner as to produce a new result by their harmonious co-operation may be patentable; but where the combination is not only of old parts, but obtains old results, without the addition of any new and distinct function, it is not patentable. There is no invention in merely selecting and assembling, as Burkholder did, the most desirable parts of different mechanisms in the same art, where each operates in the same way in the new device as it did in the old, and effects the same results. Goodyear Tire & Rubber Co. v. Rubber Tire Wheel Co., 116 Fed. 363, 369, 53 C. C. A. 583; Overweight Counterbalance Co. v. Henry Vogt Machine Co., 102 Fed. 957, 961, 962, 43 C. C. A. 80; Sheffield Car Co. v. D'Arcy, 194 Fed. 686, 693, 116 C. C. A. 322. All of these cases were decided by this court. It requires only the commonest kind of skill, such as any mechanic ordinarily skilled in the art could and would have exercised, to borrow, as the patentee did, from well-known styles of jack one or more of their operative parts and put the same into another, there to perform the same function as such respective parts performed in the first. The plaintiff's lifting-jack patent, for want of novelty and patentable invention, cannot be sustained.

[3] The plaintiff's design patent shows the lifting-jack standard with its base, such standard having projecting strengthening flanges and elliptical openings placed at intervals between the base and a point beneath the attachment of the handle. The openings are such as any mechanic would make to economize material and reduce the

weight of the jack without materially reducing its strength. The production of such a design did not call for an exercise of the creative faculty. Originality is wanting. The beauty of the design is not impressive. For these reasons, the patent must be held invalid. Chas. Boldt Co. v. Nivison-Weiskopf Co., 194 Fed. 871, 114 C. C. A. 617 (C. C. A. 6).

The judgment of the lower court is affirmed.