RAY et al. v. BUNTING IRON WORKS.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1925. Rehearing Denied April 6, 1925.)

No. 4256.

Patents ⬱328—Ray, 1,193,819 and 1,285,376, for oil burner, held void for lack of invention.

The Ray patents, No. 1,193,819 and No. 1,285,376, both relating to crude oil burners, are for an aggregation of old elements which did not involve invention.

Appeals from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Suit in equity by William R. Ray and the W. S. Ray Manufacturing Company against the Bunting Iron Works, in which defendant filed cross-complaint. Decree for defendant in main case, but against defendant on cross-complaint, and complainants appeal, and defendants bring cross-appeal. Affirmed.

Chas. E. Townsend and Wm. A. Loftus, both of San Francisco, Cal., for appellants and cross-appellees.

Wm. K White and Charles M. Fryer, both of San Francisco, Cal., for appellee and cross-appellant.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This was a suit for infringement of letters patent No. 1,193,819, issued August 8, 1916, and letters patent No. 1,285,376, issued November 19, 1918. From a decree of dismissal, the plaintiffs have appealed. The object of the invention disclosed by the first patent is to provide an oil burner whereby a quantity of crude oil is atomized and then directed in a lineal or axial direction; and to provide a centrifugally acting nozzle and means for discharging a blast of air at an angle of discharge from the nozzle so as to catch the spray and carry it in a slightly flaring manner to produce a long blast. The second patent has to do principally with the construction, arrangement, and mounting of the burner and its operating parts. In operation, the oil fed into the bottom of the rotary atomizer or cup is discharged by centrifugal force from the periphery of the cup at right angles to its axis of rotation in an atomized condition. The atomized oil, so discharged, is met by the annular current of air surrounding the cup and deflected from such right angle direction to a greater or less extent, according to the direction and velocity of the air current. The component parts of the burner are a rotary atomizer or cup; means for rotating the cup; means for creating a current of air for discharge about the periphery of the cup; and means for supplying oil to the burner and for returning the excess oil to the source of supply.

The court below found that these several elements and their uses in oil burning, to say nothing of analogous uses, were old when the patents were applied for; that in aggregation they operate in function and in result as they did and do in separation; and that to assemble motor, fan, and cup, with their incidents, upon a single shaft, all in simple and compact form, is not invention, but only the ordinary and anticipated advance in the art by reason of mechanical skill and the enterprise of the manufacturer and salesman.

As said by the court below, it is but faintly suggested that there is novelty in any of the parts. The use of electric motors to propel machinery; the use of centrifugal atomizing cups to atomize fuel oil, and the use of centrifugal fans to create air currents, are all old in the art, and to assemble motor, fan, and cup on a single shaft is not invention. The same is true of the means for supplying oil to the burner, and for returning the excess oil to the source of the supply; of the use of the supply and return pipes as hinge pintles for the door; and of the general construction, arrangement, and mounting of the burner and its operating parts.

"The result of the application of the common skill and experience of a mechanic, which comes from the habitual and intelligent practice of his calling, to the correction of some slight defect in a machine or combination, or to a new arrangement or grouping of its parts, tending to make it more effective for the accomplishment of the object for which it was designed, not involving a substantial discovery, nor constituting an addition to our knowledge of the art, is not within the protection of the patent laws." Sloan Filter Co. v. Portland Gold Min. Co., 139 F. 23, 71 C. C. A. 460, and cases there cited.

Nor is there anything new or novel in the combination aside from mere mechanical changes, or changes in machine design. Thus we find the same combination of atomizer and fan in the Mack patent, No. 548,647, issued October 29, 1895, and to some extent in the Klein patent, No. 473,759, issued April 26, 1892. The cases are uniform in

holding that there is no invention in merely selecting and fitting together the most desirable parts of different machines in the same art, if each operates the same in the new machine as it did in the old and effects the same result.

"It is said that appellee's carrier is not anticipated by any single patent; but it is not necessary to show complete anticipation in a single patent. The selection and putting together of the most desirable parts of different machines in the same or kindred art, making a new machine, but in which each part operates in the same way as it operated before and effects the same result, cannot be invention; such combinations are in the nature of things the evolutions of the mechanic's aptitude rather than the creations of the inventor's faculty." Huebner-Toledo Breweries Co. v. Mathews Gravity Carrier Co., 253 F. 435, 447, 165 C. C. A. 177, 189.

In Elite Mfg. Co. v. Ashland Mfg. Co., 235 F. 893, 895, 149 C. C. A. 205, 207, the same court said:

"The various elements shown in plaintiff's patent and mentioned in its respective claims are all found in the prior art, performing respectively the same function in the same way and producing the same result as in plaintiff's device. We are not unmindful that to combine old parts in such manner as to produce a new result by their harmonious co-operation may be patentable; but where the combination is not only of old parts, but obtains old results, without the addition of any new and distinct function, it is not patentable. There is no invention in merely selecting and assembling, as Burkholder did, the most desirable parts of different mechanisms in the same art, where each operates in the same way in the new device as it did in the old, and effects the same results."

To the same effect, see Le Roy v. Nicholas Power Co. (D. C.) 244 F. 955; Specialty Manfg. Co. v. Fenton Manfg. Co., 174 U. S. 492, 19 S. Ct. 641, 43 L. Ed. 1058; Burt v. Evory, 133 U. S. 349, 10 S. Ct. 394, 33 L. Ed. 647.

In December, 1915, the Standard Oil Burner Company filed a bill of complaint against the appellant W. S. Ray Manufacturing Company, for infringement of certain letters patent, and the Ray Company thereafter filed an answer but did not file a cross-complaint charging infringement of the first Ray patent, notwithstanding the fact that at that time the American Standard Oil Burner Company was making and selling the type of burner thereafter made and sold by the appellee, its successor in interest. We

are not prepared to say that the facts thus pleaded created an estoppel; but the fact that the appellants stood by and saw their patent openly infringed for six or seven years would necessarily detract, in a measure, from their present claims. The appellee filed a cross-complaint below, charging infringement of certain letters patent owned by it. Little has been said in regard to that patent or the cross-appeal, but we agree with the court below that infringement was not shown, whether the patent was valid or invalid.

The decree of the court below is affirmed.