### GAERTNER v. DRAGICH.

(Circuit Court of Appeals, Ninth Circuit. November 9, 1925.)

No. 4672.

1. Patents ⬤═➣328—1,413,467, for net roller on fishing boats, invalid.

Gaertner patent 1,413,467, April 18, 1922, for power net roller to be used on fishing boats, *held* invalid.

2. Patents ⬤═➣17—Simplification does not necessarily imply invention.

Usefulness of invention may consist in simplification of machine, but simplification does not necessarily imply invention.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit by Ralph A. Gaertner against Peter Dragich. Decree of dismissal, and plaintiff appeals. Affirmed.

This is a suit brought by appellant, hereinafter referred to as plaintiff, to restrain the infringement of letters patent No. 1,413,-467, of date April 18, 1922, for a power net roller to be used on fishing boats. The defense chiefly urged is that plaintiff's patent involves no patentable novelty. The District Court held that plaintiff is estopped by acquiescence in the rejection of claims by the Patent Office from claiming anything new in his invention, except the use of a certain clutch for the purpose of controlling the application of power to the roller. The court held that the addition of this clutch to a device otherwise unpatentable involved nothing more than mechanical skill. This appeal is prosecuted from a decree dismissing the bill.

Herman Miller and V. H. Lockwood, both of Los Angeles, Cal., for appellant.

Frederick S. Lyon, Leonard S. Lyon, and Henry S. Richmond, all of Los Angeles, Cal., for appellee.

Before GILBERT, RUDKIN, and Mc-CAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). [1] Plaintiff claims to be the inventor of a device for paying out and landing purse scines from a rotating table on the deck of a fishing vessel. His petition for a patent was filed July 22, 1920. It contained six claims, all of which were rejected by the Patent Office on the 4th of December, 1920. On the 26th of January, 1921, plaintiff forwarded amendments to all of these claims and also filed five new claims. On the 16th of April, 1921, these claims were all rejected. Amendments to these claims and a new claim, numbered 12, were filed June 29, 1921. On the 1st of August, 1921, amended claims 1, 2, 5, and 6 were allowed, and the other claims were rejected. Under date of December 7, 1921, claims 3 and 4 were amended; plaintiff acquiescing in the rejection of claims 7 to 12, inclusive. Thereafter the attention of the Examiner in the Patent Office was directed to the Berglann patent, No. 1,249,888, for a similar device, and because of this prior patent on January 27, 1922, claims 1, 2, 3, 5, and 6 were rejected. The only claim finally allowed was 4, which reads as follows:

"The combination, with a boat, of a net table forming a support and receptacle for the net and rotatably mounted on said boat, and having a net roller, a rotating power shaft, a universal driving connection between said shaft and said roller, a clutch between said shaft and said driving connection, and a second clutch between said driving connection and said roller."

Plaintiff acquiesced in the rejection of his claims, with the above exception.

The Berglann patent antedates plaintiff's by nearly five years and is for a device calculated to do the same work. The Berglann patent calls for a frame rotatably secured to a platform, corresponding to plaintiff's net table. The Berglann patent calls for two power rollers and one idle roller; plaintiff's patent calls for a single power roller. Both devices are operated by vertical power shafts, and these shafts are connected up with a shaft operated either by the engine or the winch of the vessel. The Berglann device has one clutch, and plaintiff's

machine two clutches, for applying and disengaging the power to the roller.

The Berglann machine is designed to discharge functions admittedly not covered by plaintiff's patent, but within the scope of plaintiff's patent the two machines perform the same work, in the same way, and by machinery equivalent in the one case for the other, except that plaintiff provides an additional clutch near the roller for controlling and disengaging power.

The evidence justifies the conclusion that plaintiff has provided an inexpensive machine, simpler in its mechanism than Berglann's, and therefore better adapted to the needs of the fishermen operating out of San Pedro harbor. Authorities are cited to the point that simplification may constitute invention. The strongest of plaintiff's authorities on this branch of the case is Dececo v. George E. Gilchrist Co., 125 F. 293, 298, 299, 60 C. C. A. 207, 212. In this case the Circuit Court of Appeals for the First Circuit said:

"It cannot be denied that a mere simplification of a very substantial character, disposing of parts which have long been in use, expensive and burdensome in their nature, and which the trade has found no method of dispensing with, may amount to patentable invention. To obtain absolute simplicity is the highest trait of genius."

[2] A close examination of the above case will show that the simplification held to constitute invention was much more than a mechanical readjustment of the parts. It provided a new method of accomplishing the desired result. The usefulness of an invention may consist in the simplification of a machine, but simplification does not necessarily imply invention. In Huebner-Toledo Breweries Co. v. Mathews Gravity Carrier Co., 253 F. 435, 447, 165 C. C. A. 177, 189, the Circuit Court of Appeals for the Sixth Circuit says:

"The selection and putting together of the most desirable parts of different machines in the same or kindred art, making a new machine, but in which each part operates in the same way as it operated before and effects the same result, cannot be invention. Such combinations are in the nature of things the evolutions of the mechanic's aptitude rather than the creations of the inventor's faculty."

To the same effect, see Consolidated Roller Mill Co. v. Walker, 138 U. S. 124, 132, 11 S. Ct. 292, 34 L. Ed. 920; Greist Manufacturing Co. v. Parsons, 125 F. 116, 119, 60 C. C. A. 34; Elite Manufacturing Co.

v. Ashland Manufacturing Co., 235 F. 893, 149 C. C. A. 205. This court has recently announced the same rule. Ray v. Bunting Iron Works, 4 F.(2d) 214.

Plaintiff has simplified and improved the Berglann seine puller, but his improvements are due to mechanical aptitude, and not to invention. The provision of an additional clutch for controlling the application of power to the roller is such an improvement as could be made in any well-equipped machine shop, and as would probably be suggested by a capable mechanic familiar with the machine.

The decree is affirmed.