## In re MURRAY.
### Patent Appeal No. 2802.

Court of Customs and Patent Appeals.
Dec. 7, 1931.

Milans & Milans, of Washington, D. C. (Usina & Rauber, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant has filed his application in the United States Patent Office for a patent upon claimed improvements in making axle housings. Claims 2 to 7, inclusive, and 9 to 11, inclusive, were rejected by the examiner, and this action was affirmed by the Board of Appeals.

Claims 2, 5, and 11 are illustrative, and are as follows:

"2. An axle housing or the like having a central annular portion with inwardly bent edges and tubular extensions, said housing comprising four segments each of a half length and a half cross-section welded together along longitudinal edges to constitute the tubular portions and along transverse edges to form the annular portion."

"5. In the making of blanks of flat-sheet metal for segments of axle housings and the like, such blanks having an intermediate portion with lateral projections therefrom, the method which includes cutting out from a sheet two half lengths of such a blank, positioned so that said half lengths lie alongside of each other in the sheet with their projections overlapping laterally, and butt welding said half lengths end to end.

"11. An axle housing or the like having a central annular portion with inwardly bent edges and tubular extensions, the housing being formed in parts united by welded joints extending transversely across the central portion, and a ring within the central portion extending continuously across the transverse joints."

The claims were rejected on the following references:

Murray, Jr., 1,492,930, May 6, 1924. (Reissue, 16,691, August 2, 1924.)
Smith, 1,613,592, January 4, 1927.

The examiner thus describes the alleged invention:

"The object of the invention is to secure the most economical lay-out from which to stamp sheet metal parts for axle housings without weakening the housing.

"The mode of operation of the process of the application is as follows: A sheet of material equal in width to a half length of a housing blank (see Fig. 1) is provided from some source and half blanks cut from the same, the alternate blanks being reversed so that the projections of one half blank are so spaced as to fit into the recesses of the preceding half blank to save scrap. Next two half blanks are welded together end to end to produce a full blank as shown by

Fig. 2. Then a plurality of these blanks are cupped in a well known manner to provide half housings as shown in Figs. 3 and 4. Two of these half housings are assembled with their open sides together with a reinforcing ring (see Figs. 7 and 8) inclosed in the enlarged central portion of the housing. The half housings are then welded at their meeting edges to provide a unitary housing and the reinforcing ring is bolted in place to stiffen the casing at the point apt to be weakened by the transverse weld in the blank."

We are of opinion the references fully anticipate the basic ideas involved in this application. The Murray references show an axle housing stamped out of sheet metal in substantially the same manner and in substantially the same form, as that shown in the application here. The only apparent distinction is that in said references, each longitudinal one-half of the housing is made in three pieces, welded together, while in the present application but two such welded portions are utilized. In the reference patents, the welded joints are in the shaft portion, outside of the central enlarged portion of the housing, while in the pending application the welded joint is in the center of the housing, at the point farthest removed from the longitudinal axis of the housing.

We are not convinced that this constitutes a patentable distinction. The art of welding has been known since remote times. Certainly, the skilled metal worker would know at what place he might best place his welded joints to secure strength, and it is with his eyes we must view the matter and determine whether there is novelty in the idea. The change seems to be an obvious one. The case has some of the characteristics of In re Beers, 44 F.(2d) 859, 18 C. C. P. A. 730.

The fact, if it be a fact, that appellant's method greatly reduces the cost of production, is not sufficient to render his device and method patentable, in the absence of invention. Greist Mfg. Co. v. Parsons (C. C. A.) 125 F. 116; Bourke v. Buegeleisen (D. C.) 22 F.(2d) 208; In re Rutledge, 47 F.(2d) 797, 18 C. C. P. A. 1081; In re Ackenbach, 45 F.(2d) 437, 18 C. C. P. A. 769; In re Metzger, 45 F.(2d) 918, 18 C. C. P. A. 808.

It is contended that the reinforcing ring, as set out in claim 11, is a patentable element. As we view it, the reinforcing ring shown by the reference Smith is an anticipa-

tion of this element. It is true that Smith shows only a ring made of flat metal, bolted or welded to the housing. But this is "a ring within the central portion," and would perform the same function were Smith's housing welded as the applicant here has disclosed.

It is, at best, irrespective of the references, extremely doubtful whether any such reinforcing device is patentable. As was said in Crouch v. Roemer, 103 U. S. 797, 799, 26 L. Ed. 426: " * * * All that was done by this inventor was to add to the degree of rigidity which had been used before. The addition of metal or other substance as a stiffener of the known cross-piece, which had already been made rigid in a degree, was not invention. The substantial elements of a well-known structure were thus, in no patentable way, changed."

A similar holding was made in Star Bucket Pump Co. v. Butler Mfg. Co. (D. C.) 198 F. 857, 863, where it was said: " * * * It has been the common practice in every unskilled occupation to add strengthening layers of wood or iron to parts deemed too unstable for purposes of reinforcement. This would occur readily to the lay mind, not to speak of that of the skilled mechanic. No invention is involved in such procedure."

We made a similar holding in In re Campbell, 48 F.(2d) 915, 18 C. C. P. A. 1351.

For these reasons, the decision of the Board of Appeals is affirmed.

Affirmed.