Affirmed.

HATFIELD, Associate Judge, dissents.

28 C.C.P.A. (Patents)

**In re OTTO et al.**

**Patent Appeal No. 4494.**

Court of Customs and Patent Appeals.
July 2, 1941.

G. F. DeWein, of Milwaukee, Wis. (Leo Teplow, of Milwaukee, Wis., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office, after having allowed a number of claims, rejected claims 17, 32, 34 and 35 in appellants' application for a patent relating to an adjustable multiple groove sheave. Upon appeal to the Board of Appeals, the decision of the examiner rejecting claims 17, 32 and 34 was affirmed, and his decision rejecting claim 35 was reversed. From the decision of the board rejecting said claims 17, 32 and 34, appellants have appealed here.

Claim 17 is illustrative and it follows: "17. An adjustable multiple groove sheave, comprising a hub, a plurality of fixed disks secured on said hub in spaced relation and each presenting a belt coacting faces inclined in the same sense, said fixed disks each having a transverse opening located inwardly of said belt receiving face, a plurality of slidable disks disposed on said hub alternately with said fixed disks and each presenting an inclined belt coacting face oppositely disposed to the belt coacting face of an adjacent fixed disk and complementary thereto to form therewith a belt receiving groove, each of said slidable disks having a rearwardly extending spacing lug integral therewith disposed through the opening in an adjacent fixed disk and abutting and ad-jacent slidable disk, means binding said spaced movable disks into a unit, and means for adjusting the axial position of said slidable disk unit relative to said fixed disks to regulate the width of said belt receiving grooves."

The references relied upon by the tribunals below in their rejection of the appealed claims follow: Ives, 1,983,132, December 4, 1934; Jannin, 2,031,712, February 25, 1936.

Another reference patent was cited below, but as it applied solely to claim 35, which is no longer in the case, it will not be further referred to by us.

The invention relates to a multiple V-groove adjustable diameter sheave in which the effective pitch diameter is changed by moving one set of conical disks axially with reference to another set of conical disks. The sheaves are so positioned as to form grooves to fit V-shaped belts. The speed of the sheaves may be varied by changing their effective pitch diameter. The device permits tensioning of the belt despite a variation in the sheave diameter, and this may be done while the sheave is in rotation.

The appealed claims were rejected on Ives in view of Jannin. The Ives patent differs from the instant application in that in the applicants' device the slidable disks have a rearwardly extending spacing lug integral with the disk. In Ives this unit is not integral but consists of two parts.

The Jannin patent relates to a multiple groove expanding pulley in which there are slidable flanges with spaced struts or lugs which may or may not be formed integrally with the disks.

It was the view of the examiner that the spacing and binding means of Jannin might be substituted for the mechanical equivalent in Ives and that when Ives was so modified the claims were anticipated.

The sole question raised in this court under appellants' reasons of appeal is the correctness of the holding of the Board of Appeals in affirming the examiner's rejection of the three involved claims upon the ground that it would not involve invention to make the sleeves of Jannin integral with the slidable disks. In other words, the only question presented is whether or not, under the particular circumstances of this case, it would amount to invention to make a part integral which in the prior art had been in two pieces. In most instances in which such

a question has been presented, it has been held that as a general proposition it does not amount to invention to make integral that which has theretofore been in two or more parts. There are notable exceptions to this rule. The law is well stated in Canda et al. v. Michigan Malleable Iron Co., 6 Cir., 124 F. 486, 493, as follows: "* * * While it is true that there is no invention in making into one whole that which was before in the same form, but in detachable parts, when there is no further consequence, yet it is also true that, if such change produces a more useful result, there may be a quality of invention in making it. * * *"

It is pointed out by appellants that sheaves of this character are subject to great stress and strain and inevitably receive a great deal of hard use and abuse. It is especially desirable that such a device have the characteristics of ruggedness and that it may be easily assembled. This kind of device is particularly susceptible to destructive vibrations, and appellants urge that their structure, being more unitary than any other device known to the art, will stand stresses and strains without injury, and that their structure possesses the merits of ease of assembly and cheapness of manufacture. We see no reason to question the contentions of appellants in respect to the good results flowing from their invention.

These claimed improvements and beneficial results flowing from appellants' device are not disputed by any one, and we think that it is a matter of great importance in this case. Something more has been accomplished than merely making one piece out of two. One piece has been made of two under circumstances where beneficial results admittedly are obtained and, in our opinion, bringing about these results required more than the exercise of mere mechanical skill. It seems to us that in the light of appellants' teaching the structure of the sheave itself has not only been improved but that its durability and ruggedness will result in a great saving in the life of belts used upon the device. The rapidly recurring stresses placed upon a structure built of more than one part unquestionably would frequently bring about a certain looseness or separation of the parts which would affect the life of the belt.

A case particularly in point in deciding the instant issue is a decision by this court in Re Both, 46 F.2d 362, 364, 18 C.C.P.A.,

Patents, 863, in which the following was said:

"We have examined the references with much care, and it is apparent that there is nothing novel in the form or make-up of appellant's device, unless it be in the molding of one unit, as we have above indicated.

\* \* \* \* \*

"None of the references cited by either the Examiner or the Board of Appeals seems to incorporate the idea which the applicant has suggested, namely, a device consisting of one part completely insulated, to be used as an electric outlet receptacle. There is much merit in his contention that such a device will be safe, economical, and easy to install. It may be claimed that the McBean reference, inasmuch as it shows a cementing of various parts, teaches the art of making a receptacle of one piece, and that applicant's idea is rather that of a process than of a device. We are of the opinion, however, that there may be, and probably is, a clear distinction between a device made of one or more parts cemented together, and one which is made as a whole. \* \* \* Certainly, no one else, so far as the references disclose, has suggested this idea. \* \* \*"

The Supreme Court of the United States in the case of Krementz v. S. Cottle Co., 148 U.S. 556, 559, 13 S.Ct. 719, 720, 37 L. Ed. 558, used the following language, which we think applies to the instant issue: "* * * In the present instance, however, we find a new and useful article, with obvious advantages over previous structures of the kind. A button formed from a single sheet of metal, free from sutures, of a convenient shape, and uniting strength with lightness, would seem to come fairly within the meaning of the patent laws. \* \* \*"

A number of decisions by this and other courts have been cited by the Solicitor for the Patent Office, which decisions hold that there was lack of invention in making a thing unitary which, in the prior art, had not had that characteristic. We have examined these decisions and, without discussing them, we think that they may be distinguished from the applicable law in the instant case chiefly by the fact that none of those cases involve a construction similar to that at bar, and we do not think that the holding in any of such cases requires a holding here that the improvement over the

prior art made by the appellants did not require invention.

The decision of the Board of Appeals, affirming that of the examiner in rejecting claims 17, 32, and 34, is reversed.

Reversed.