88 C.C.P.A. (Patents)

## Application of LOCKHART.

### Patent Appeals No. 5783.

United States Court of Customs
and Patent Appeals.
June 26, 1951.

--------◆--------

Duell & Kane, and David S. Kane, all of New York City (Albert F. Bower, New York City, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner finally rejecting claim 26 of appellant's application, serial No. 556,737, for a patent relating to "Hypodermic Syringes." Five claims were allowed.

The appealed claim reads as follows: "26. A hypodermic syringe including a base formed with an unobstructed opening through which a stoppered ampule may be longitudinally inserted, an open-sided body presenting an ampule-receiving chamber aligned with said base opening, a needle-mounting portion forming a part of said body at the end thereof opposite said base, means associated with said mounting portion whereby a needle may be retained against movements with respect to the same, a thrust portion integral with and extending from said mounting portion towards said base, inwardly of said chamber, and in spaced relationship to the adjacent inner faces of said body, said thrust portion being of less length than the body of said syringe and these parts being proportioned to assure that the outer end of the ampule at all times extends through the base opening whereby it may be directly contacted by the thumb of the operator and said mounting portion and thrust portion being formed with communicating aligned slots whereby a needle may be moved laterally through the open side of said body to occupy a position within said slots."

The following references are of record in this case:

| | | |
|---|---|---|
| Schroeder | 1,008,078 | Nov. 7, 1911; |
| Everett | 2,016,631 | Oct. 8, 1935; |
| Hein | 1,817,003 | Aug. 4, 1931; |
| Hall | 1,848,711 | Mar. 8, 1932; |
| Lockhart | 2,448,898 | Sept. 7, 1948. |

The Schroeder and Everett patents were cited by the examiner in his statement. The other references were cited by him in his reply to the brief of appellant.

The patent application is for a three-piece hypodermic syringe, which appellant claims embodies improved functional and structural characteristics; is capable of ready sterilization and manipulation; and which can be produced cheaply and efficiently. The syringe disclosed in the application is composed of a metal holder, a cylindrical ampule containing a medica-

ment, and a hollow needle. One end of the holder portion is tubular in shape, and is open so as to receive the ampule. The other end of the holder forms "fingers" or "arms" which grip the hollow needle when the device is assembled. Projecting from the arms toward the rear end of the holder are thrust members. The thrust members are separated from the sides of the holder along most of their length to allow the wall of the ampule to slip by the rear ends of the thrust members when the device is in use. The thrust members are also slotted lengthwise, thus allowing the needle to be placed laterally into position. Attached to the outside of the holder portion are wings forming finger rests for the convenience of the operator.

The ampule is cylindrical or tubular in shape, the open end thereof being closed by a stopper. The needle is hollow, and is pointed at each end. To operate the device, the needle is passed through the slots in the thrust members, where it is then gripped by the fingers or arms of the holder portion. The back end of the needle extends a short distance beyond the back ends of the thrust members. The ampule containing the medicament is then placed in the back or open end of the holder, and is forced by thumb pressure toward the opposite end thereof, until the ampule stopper is punctured by the back end of the needle. Continued thumb pressure forces the outer face of the stopper into contact with the back ends of the thrust members, thereby holding the stopper from further movement. Further pressure on the outer end of the ampule causes the stopper to be forced into the ampule as a piston, which action causes the medicament in the ampule to be expelled through the hollow needle.

The patent to Hein shows a hypodermic syringe similar to that of appellant in its general operation. Hand or thumb pressure forces a medicament-containing ampule over a piston thrust member beyond which one end of a hollow needle extends. The needle punctures the stopper of the ampule, and continued pressure thereon causes the piston to force the stopper back into the ampule, thereby expelling its contents through the opposite end of the needle.

However, the tubular body, the thrust portion, and the needle mount, which are integral in appellant's structure, are all separate in the structure of Hein. The piston or thrust portion is screw-threaded into the forward end of the outer holder portion, and the needle mount portion is in turn screw-threaded into the thrust portion. A hollow needle is imbedded in the needle mount portion, and extends inside and beyond the cylindrical piston or thrust portion when the needle mount is screwed thereon. Hein does not show the lateral mounting of the needle.

The Hall patent is quite similar to that of Hein. Hall shows an outer open-ended shell having finger rests formed thereon. A hollow piston rod is placed within the outer shell, being fastened thereto by screw-threading at the forward ends of said shell and said piston rod. The needle fits inside the piston rod, being held in place by a threaded thimble or cap, which is screwed on the outer end of the piston rod, there engaging a bead formed on the needle.

The patent to Everett discloses a device for attaching a hypodermic needle to the syringe body. One variation of that device shows a threaded nipple adapted to screw on a nozzle located at the forward end of a syringe body. The needle, which in this variation is pointed only at one end, has its base end solidly embedded in a metallic material, which is formed with an annular head portion of greater diameter than the shank surrounding the needle. The nipple is formed with a passage in one side which is shaped like a keyhole. To attach the needle to the syringe, the head of the material in which the needle is embedded is passed through the wider part of the keyhole slot in the nipple, the needle extending downward through the open base of the slot. The nipple is then screwed on the nozzle until the forward end thereof presses against the top of the annular head of the needle, thereby forcing it into a recess in the nipple. Thus, the needle is firmly attached to the syringe body, yet may be easily removed therefrom by partly unscrewing the nipple and passing the needle laterally through the nipple slot.

Although the variation just described utilizes only a single-ended needle, Everett shows another apparatus in which a double-ended needle may be used, the nipple and the nozzle being slotted above the wider part of the keyhole slot to allow lateral insertion of a double needle. Everett also shows a device wherein the nipple is attached to the nozzle by toggle means, rather than by a screw connection.

The rejection by the examiner on the basis of the Schroeder patent was expressly disaffirmed by the board, therefore that reference need not be discussed. The earlier patent to appellant, supra, was cited by the examiner to show that appellant had previously been granted a patent on the side loading feature of the syringe, but, as observed by the Solicitor for the Patent Office, it "was not applied against the claim in issue and takes no active part in the present appeal."

The examiner originally rejected the appealed claim as unpatentable over Schroeder in view of Everett. In his reply to appellant's brief he cited Hall and Hein to show that the thumb actuation of the ampule and the means of loading the ampule into a holder as claimed by appellant were conventional in the art. He held that it would require no more than mechanical skill to combine the features of those references to form appellant's device.

Although the Board of Appeals disaffirmed the examiner's rejection on Schroeder, it held that the involved claim did not "patentably define over Hall or Hein in view of Everett," stating, " * * * It seems to us that it would be well within the province of a person skilled in the art to incorporate the lateral needle mounting means of Everett into Hall or Hein. Such a substitution would involve no particular mechanical difficulties that would ordinarily be considered outside of the province of a person skilled in the art."

The rejection by the board, as may be noted, was based on grounds different from that of the examiner.

While it appears that appellant does not deny that the different elements found in the appealed claim are found in the references, he argues that the integral combination of those elements is not found nor suggested in any of the references, and contends that without integration of parts, it is impossible to achieve the inventive combination of his structure. Recognizing the general rule that there is no invention in making integral that which was before in several parts, appellant urges, however, that if such changes produce a more useful result, invention may be present, citing among others the case In re Otto, 121 F.2d 553, 28 C.C.P.A., Patents, 1326.

Appellant states that if the lateral slot of Everett were applied to the syringes of Hall or Hein simply by cutting a slot through either structure into the center of the syringe, the resulting device would be a syringe having several parts all screw-threaded together and slit down one side. He argues further that his structure avoids the problem of screwing one slit part onto another slit part by making the device integral, thus combining all the best features of the references and avoiding all of the shortcomings, and submits that the result amounts to invention.

After a careful examination of the record, we do not find ourselves in agreement with appellant's argument. Although it is true that invention may be present under some circumstances in making integral that which was separate before, we do not feel that such is the case here. Improved results only will not take the case out of the general rule. There is also a requirement that the unification or integration involve more than mere mechanical skill. In re Murray, 53 F.2d 541, 19 C.C.P.A., Patents 739; In re Zabel, 186 F.2d 735, 38 C.C.P.A., Patents, ——. In this case, all of the essential elements of the appealed claim, except integration of parts, are found in the references. It appears to us that the unity or diversity of parts would depend more upon the choice of the manufacturer, and the convenience and availability of the machines and tools necessary to construct the syringe, than on any inventive concept. Further, the toggle means of attaching the

nipple shown in Everett suggests one way of avoiding the difficulty of matching slotted screw threads.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.