## In re CRANMER.

(Court of Appeals of District of Columbia. Submitted November 16, 1922. Decided January 2, 1923.)

### No. 1516.

1. Patents ⬥25—Application for patent for reinforced pneumatic tire held to disclose mere aggregation of old elements.

The Cranmer application for a pneumatic vehicle tire having a rigid annular band countersunk in the casing to prevent punctures, to increase the elasticity of the tire, and to stiffen its outer rim, *held* to disclose a mere aggregation of old elements.

2. Patents ⬥25—Aggregation of old elements, not producing new result, is not invention.

Though a combination of old elements, producing a new result, or an old result in a new way, shows invention, a mere aggregation of old elements, which produces no new results, is not invention.

3. Patents ⬥113(1)—Substitute claim, first presented in brief, cannot be considered by Court of Appeals.

A substitute claim, presented by an applicant in his brief on appeal from the rejection of his application, and which was never considered by the Patent Office tribunals, cannot be considered by the Court of Appeals, which is not a tribunal of first instance.

Appeal from the Commissioner of Patents.

Application of William S. Cranmer for a patent. From a decision of the Commissioner of Patents, rejecting the application, applicant appeals. Affirmed.

William S. Cranmer, of Fresno, Cal., in pro. per.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. Cranmer's application for a patent on a device which consists of a pneumatic tire casing of the standard beaded type, having incorporated within its tread portion a transversely arched rigid reinforcing member, which is imbedded therein and covered with a layer of fabric to protect the inner air tube of the tire, was rejected by the Commissioner of Patents, and he appeals. Of the three appealed claims, we set out claim 1:

In a pneumatic vehicle tire curved in transverse section, having an elastic inflatable inner air tube and an outer tire casing, a rigid annular band, conforming approximately in transverse section to the curvature of the tire and having blunt rounded edges, countersunk into the inner side of the tread portion of the said tire casing.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The application was rejected on a patent to Lenihan, December 20, 1898, on one to Karlstrom et al., July 6, 1909, and on one to Heina, August 4, 1914. The Assistant Commissioner in his opinion analyzed these references, and compared them with the claims of the application. He found that every element covered by the application was anticipated by the references, when considered as a whole. In the course of his reasoning he called attention to the specification of the applicant, wherein it said that the purpose of the invention was to prevent punctures, to increase the elasticity of the tire, and to strengthen and stiffen its outer rim, so that it will stand up and run smoothly under less air pressure than is now required in the ordinary rubber automobile tire. He also noted that the application provided for an outer casing for an automobile tire associated with a metallic band resting in a cavity on the inner side of a shoe, covered with a layer of fabric within which was inserted the usual air-inflated inner tube. He said that Karlstrom, having in mind to give resiliency, durability, and strength to a puncture-proof tire, produced one in which a metallic strip was imbedded in the outer shoe; that the chief distinction between Karlstrom and applicant was that the latter's metallic strip was separated from his inner tube merely by a thick layer of canvas tube, whereas in Karlstrom's, not merely the thick layer of canvas, but also some of the rubber *3* of the shoe was between this metallic strip and the inner tube. Heina, he pointed out, showed a metallic strip placed at the inner side of a tire and covered by a coating of fabric *17* in the same way that applicant applied his fabric *2* to hold the metallic strip in place. He showed no inner tube within the strip, but, in the opinion of the Commissioner, it would not require invention to transfer the metallic strip of Karlstrom to the position indicated by Heina, in which event the identical structure shown by applicant would be produced. Applicant provides rounded and blunt edges for his metallic strip, but Heina, said the Commissioner, indicated in his drawing that the edges of his metallic strip are blunt, and Lenihan, the other reference, described a metallic plate having curved or rounded edges in a pneumatic tire for bicycles. If the making of such an edge be not obvious, it is suggested by Lenihan.

To the contention of applicant that the positioning of his metallic band between the outer tire casing and the inner tube would require invention, the Commissioner answered that the references negative this proposition, and added that, while applicant's band does not extend as far from side to side as does Heina's, yet it finds a prototype in Karlstrom's, and that, while his band is rigid enough to stiffen the tread, Karlstrom seemed to have the same purpose in mind.

Continuing, the Commissioner said that claims 2 and 3 are substantially identical; that they add to the elements of claim 1 a flexible protecting fabric, extending between the inner annular band and inner air tube; that Heina, at *17*, shows such a protecting fabric holding his metal strip in place, and that the obvious use of some such covering seems too slight to support a patent. He refused to allow additional claims which were suggested by the applicant, on the ground that they were based on too small a refinement to be regarded as patentable.

We agree with the Commissioner's views, and think it unnecessary to set out in detail the process by which we arrive at our conclusion.

[2] The applicant appeals with much earnestness to the principle that a combination of old elements which produces a new result, or effects an old result in a new and materially better way, is patentable. This is undoubtedly so, but we do not think it has any application here, because the applicant has not produced new results, or old results in a new and materially better way. He has done nothing more than aggregate what others had accomplished before him, except, perhaps, in particulars too refined to support a patent. In re Merritt, 36 App. D. C. 122; Huebner-Toledo Breweries Co. v. Mathews Gravity Carrier Co. (C. C. A.) 253 Fed. 435; Edwards v. Dayton Mfg. Co., 257 Fed. 980, 169 C. C. A. 130.

[3] Appellant presents a substitute claim in his brief. This claim was never considered by the Patent Office tribunals, and therefore is not properly before us. We sit as a Court of Appeals, not as a tribunal of first instance. Even if we had power to pass upon the claim, we would have to hold it is not patentable, for the same reasons as those upon which we reject the claims properly here.

The action of the Commissioner is affirmed.

Affirmed.