### In re SMITH.

Court of Appeals of District of Columbia.
Submitted March 17, 1927. Decided
May 2, 1927.

No. 1943.

**1. Patents ⊂⊃37—Application for patent for concrete building blocks held not to disclose invention.**

Application for patent for hollow concrete building blocks, with webs or ribs regularly crossing the open interiors, having a triangular shape in cross-sections and made in multiples or submultiples of one another in size, *held* not to disclose invention.

**2. Patents ⊂⊃25—Bringing together of separate elements, without changing function of any, or producing new result, is an "aggregation," and not patentable "invention."**

A mere bringing together of separate elements, without changing the function performed by them, or producing any result other than the added result of the separate operation of the elements, is an "aggregation," and not patentable "invention."

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Aggregation; First and Second Series, Invention.]

Appeal from Commissioner of Patents.

In the matter of the application of William Herbert Smith for a patent. From a decision rejecting all claims of the application, applicant appeals. Affirmed.

D. W. Gould and Melville Church, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Appeal from a decision rejecting all of the claims of appellant's application.

[1] The invention relates particularly to concrete building blocks and their use in building walls. The blocks in question are hollow, with webs or ribs regularly crossing the open interiors; they have a triangular shape in cross-section, and are made in multiples or submultiples of one another in size.

The inventor states that their use aids in the rapid and cheap construction of weatherproof and damp-proof walls, having vertical ventilation; that the walls may be composed, if desired, of blocks made of different materials for their outer and inner surfaces, and that the proportionate sizes of the blocks promote easy and efficient bonding of successive courses, as well as dealing with corners or other irregularities in the walls.

There are five claims in the application. Claim 4 sets out the construction of the blocks in question, while claims 1, 2, 3, and 5 relate to the building of walls therewith. Claims 1 and 4 are copied as illustrative:

"1. A wall or like structure constructed of blocks of right-angle triangular section in plan, said blocks being of hollow formation with central webs, each extending from the approximate mid-line of the hypothenuse side of the mid-line of the right-angle sides, the alternate blocks presenting a substantially unbroken inner wall surface and the remaining alternate blocks presenting a substantially unbroken outer wall surface."

"4. For use in wall and like structures, a block comprising a hollow shell of an isosceles right-angle triangle in plan, the shell being interiorly provided with ribs extending from and forming a right-angle with the right-angle sides of the shell and meeting the isosceles side of the shell at about the mid-line of the latter, whereby the ribs form separate outlines of block formation corresponding to the shape of but of less size than the original block, thereby to permit the proper bonding with such original block or blocks of submultiple size without interfering with the vertical ventilation."

The claims were all rejected by concurrent decisions in the Patent Office, upon two references, to wit: Gutknecht (Swiss), 78,390, July 16, 1918; Ohre (Norwegian), 24,714, June 22, 1914.

We agree with the rejection of appellant's claims. The Ohre patent discloses a building block having the external shape of an isosceles right-angled triangle like that of appellant. Submultiples of the block are also disclosed. The blocks, however, are solid, although semicircular recesses in the two sides are disclosed to form circular vertical openings in the completed wall. The Gutknecht patent discloses a building block of a triangular shape, but with interlocking lugs. It discloses openings in each angle, and an additional opening in the base of the block, forming a hollow shell similar to applicant's block. They are substantially like appellant's in form, and are designed to be laid in the wall in a similar manner.

[2] It is apparent accordingly that appellant has done no more than adopt Ohre's blocks, hollowed out like Gutknecht's. This amounts to a mere aggregation of elements previously known, and falls short of invention. "An aggregation is the mere bringing together of separate elements, without changing the function performed by them, or producing any result other than the added result of the separate operation of the elements, and is not a patentable invention." 30 Cyc. 860.

"The present patentee has combined two well-known elements. He has staggered his columns; he has placed over his column head reinforced concrete beams, but in their aggregate relations the staggered beams simply do what staggered beams have always done, and the reinforced, superimposed concrete beams simply carry the weight they have always done on columns, whether staggered or regular. Where, then, was invention? We, as the court below, fail to find in this aggregation, this use of old elements which simply continue to do what they have always done, any taint of patentability. It is a building, an engineering act, purely and simply, and as such is open to unrestricted use by the public." Morrow v. Oelschlager (C. C. A.) 11 F.(2d) 524.

"With these facts before him, the most that can be said for the patents in suit is that they gave a somewhat different form to three features, which were perfectly familiar and were similarly grouped in prior forms of tie plates, but without giving to any of them any new function, and without accomplishing by them any new result. This brings the patents within the principle, so often declared, that 'a mere carrying forward of the original thought, a change only in form, proportions, or degree, doing the same thing in the same way, by substantially the same means, with better results, is not such an invention as will sustain a patent.' Roberts v. Ryer, 91 U. S. 150, 23 L. Ed. 267; Belding Mfg. Co. v. Challenge Corn Planter Co., 152 U. S. 100, 14 S. Ct. 492, 38 L. Ed. 370; Market Street Cable Ry. Co. v. Rowley, 155 U. S. 621, 629, 15 S. Ct. 224, 39 L. Ed. 284." Railroad Supply Co. v. Elyria Iron Co., 244 U. S. 285, 292, 37 S. Ct. 502, 61 L. Ed. 1136.

In our opinion, these principles govern the present case. The commercial success of appellant's blocks is not sufficient authority to negative this conclusion.

The decision of the Commissioner of Patents is affirmed.