**In re APPELBURG et al.**

Court of Customs and Patent Appeals,
February 6, 1930.

Patent Appeal No. 2320.

Marks & Clerk, of Washington, D. C. (James T. Newton, of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. Appellants' five claims for patent for an incandescent flash light lamp were rejected by the Examiner and the Board of Appeals, and, from the decision of the latter, appeal is taken to this court.

The subject-matter of the application is an incandescent flash light lamp, having inserted in the hollow cap of the lamp base a hermetically sealed closed glass receptacle, and inclosed in the receptacle is a thermostatic self-interrupting device, which consists of two resilient contact tongues molten into the receptacle; one or both of said tongues being composed of thermostat metal or else being bimetallic thermostat strips of the usual structure. Wrapped around one of the resilient contact tongues is a heating winding connected in series with the filament. The contact tongues are provided with break contacts of tungsten. When the thermostat is under the direct control of radiation of heat from the filaments, the same will be brought into operation to close the current through the lamp so that the current is interrupted every few seconds in the break contacts. When, on account of the interrupting current, the thermostat again cools down, the current circuit is again closed, and the filament begins to glow anew. The repetition of these functions produces a flash light result without any external relay devices. It is said that the device may be attached to or used in connection with sadirons, curling irons, soldering irons, cooking plates, and other similar electrical devices, where it is essential that overheating does not occur.

The five claims are as follows:

"1. An incandescent flash-light lamp having inserted in the hollow cap of the lamp base a detachable, hermetically closed glass receptacle, and a self interrupting device enclosed in said receptacle and arranged to close and break the lamp circuit periodically.

"2. An incandescent flash-light lamp having inserted in the hollow cap of the lamp base a detachable, hermetically closed evacuated glass receptacle, and a thermostatic switch enclosed in said receptacle and arranged to close and break the lamp circuit periodically, said switch consisting of a bimetallic tongue provided with a heating winding connected in series with the filament.

"3. An incandescent flash-light lamp having inserted axially in the hollow cap of the lamp base a detachable, hermetically closed evacuated glass receptacle, and a thermostatic switch enclosed in said receptacle and arranged to close and break the lamp circuit periodically, said switch consisting of a bimetallic tongue provided with a heating winding connected in series with the filament.

"4. An incandescent flash-light lamp having inserted in the hollow cap of the lamp base a detachable hermetically closed evacuated glass receptacle, and a thermostatic switch enclosed in said receptacle and arranged to close and break the lamp circuit

periodically, said switch consisting of a bimetallic tongue provided with a heating winding connected in series with the filament, and break contacts consisting of tungsten.

"5. An incandescent flash-light lamp having inserted in the hollow cap of the lamp base a detachable, hermetically closed glass receptacle filled with inert gas, and a thermostatic switch enclosed in said receptacle and arranged to close and break the lamp circuit periodically."

The claims were rejected on the following references: Phelps, 976,287, November 22, 1910; Houchin, 1,280,227, October 1, 1918; Birbeck, British, 13,156, of 1905; Graham et al., British, 136,101, of 1919.

In this court, appellants call attention to the fact that the Board of Appeals in its decision comments upon the "removable" feature in the first four claims, and states that there was confusion before the Board concerning the word "detachable," and here request that they be allowed to withdraw the "appeal as to all claims except Claim 2" and that "this claim be considered with this word 'detachable' left out."

In the brief of the solicitor for the Patent Office, after stating this request on the part of appellants, it is said: "With the approval of the Court, no objection is made." The solicitor's brief then proceeds upon the theory that there is but one claim, claim 2, with the word "detachable" omitted.

We know of no applicable law or rule of practice to justify the allowance in this court of the amendment of a claim which would substantially change the character of the same from what it was before the Board of Appeals. No such law or practice has been called to our attention.

It seems to us, however, that, regardless of whether the word "detachable" is in or out of the claim, the decision of the Board rejecting the five claims must be affirmed. As far as we have been able to observe, every material element in applicant's device is fully disclosed in the references. Certainly nothing new of a patentable character has been suggested in this court.

Appellants' counsel, both in brief and argument before this court, has very earnestly and forcefully urged the patentability of their device on the grounds that it is a new combination of old elements producing new results, which is patentable. Appellants'

learned counsel argues that appellants are the "first to have produced a flash-light lamp with enclosed thermostatic switch which has stood the practical test and which is actually a commercial lamp that has found an extensive sale. * * * This result has been attained by using, in a lamp of the kind in question, a thermostatic switch of a type known, but which heretofore has not been used in this combination."

. It is not contended that either the thermostatic switch, the heating winding device, or the hermetically sealed glass receptacle filled with inert gas, is new. Nor is it contended that the principle of resilient contact tongues is new. It is urged that taking these different known devices and assembling them together in the form of a flash light lamp is such a combination as produces a new result and requires invention.

It is a well-settled principle of patent law that a combination of old devices which produces no other result than the sum of the results produced by each of the devices is not patentable. Where a given number of elements, which produce a known result when functioning separately, is assembled, and the assembly produces only a combination of the results found in the individual units, no invention is shown, and amounts to an aggregation. While decreasing or increasing the size of the known units or making a rearrangement of them may produce a valuable and efficiently working mechanism which is conducive to commercial success, this fact does not necessarily suggest invention. If appellant by their assembly or combination have produced a flash light lamp, popular with the public (which probably they have done), they are entitled to a commercial success from its manufacture and sale. Patent law, however, is not alone concerned with use and salability. The law was intended, in part, to stimulate and reward inventive genius. This praiseworthy motive on the part of the Legislature would hardly be promoted by the granting of a monopoly upon a mere aggregation of things already invented or known, when no new inventive genius is displayed. In re Vissering, 58 App. D. C. 398, 24 F. (2d) 1013, 374 O. G. 703; In re Smith, 57 App. D. C. 204, 19 F.(2d) 678; Elite Manufacturing Company v. Ashland Manufacturing Company, 235 F. 893, 1917 C. D. 238.

The decision of the Board of Appeals is affirmed.

Affirmed.