## In re GIBSON.

### Patent Appeal No. 2298.

Court of Customs and Patent Appeals.
April 14, 1930.

Paul Carpenter, of New York City (J. T. Basseches, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

976

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Examiner denying all claims in appellant's application for an alleged invention relating to a process of forming a "mix" for brake shoe fillers.

Appellant has withdrawn from the appeal claims 3, 10, and 11, and requests the court to recommend to the Patent Office the allowance of two new claims, 12 and 13. The latter claims were not in appellant's application, and were therefore not considered by the tribunals of the Patent Office.

Claims 1, 2, and 7 are illustrative of the appealed claims. They read:

"1. The process of forming a mix for brake shoe fillers, from a heat resistant fiber, a non-expanding absorbent and a frictional resistant including first mixing the fibre and the absorbent and then introducing the resistant.

"2. The process of forming a mix for brake shoe fillers from a plurality of constituents which includes introducing the individual constituents successively in timed relation during the mixing operation."

"7. The process of forming a mix or batch for brake shoe fillers from constituents including a heat resistant fibre, a non-expanding absorbent, and a resistant and a binder, including the step of first introducing the solid constituents in the order named, and then introducing the binder."

The references are Kinzer, 542,414, July 9, 1895; McIntyre, 1,429,358, September 19, 1922.

It is pointed out in appellant's specification that his "mix" is composed of certain constituents, "preferably employed" in the following proportions: Asbestos fibre, 31 per cent.; ground coke, 35.5 per cent.; iron borings, 26.5 per cent.; double boiled linseed oil, 7 per cent.

It is conceded that the patent to McIntyre discloses the same constituents used in substantially the same proportions. The only claimed difference between appellant and McIntyre is the process or order in which the constituents are put together. In this connection appellant says:

"In preferred practice, I first thoroughly mix the solid constituents, the lighter elements, to-wit: the coke and the asbestos being introduced into the mixer first, and thoroughly commingled, and then the heavier element, the iron borings are introduced, the mixer preferably being in continuous operation, and finally the binder element is introduced."

Counsel for appellant supplements the specification and claims with the following statement relative to the features of the claimed process:

"The preferred order of steps of appellant's process is to intermix the coke and asbestos fibre. This step will serve to coat the coke particles with the fibrous materials so as to substantially present a fuzz of fibrous materials upon the particles of coke. These materials being of very close specific gravity, uniform coating of the coke particles with the fibrous material is accomplished with great facility. The next step resides in the timed addition of the iron filings or borings. The batch prepared to the point of the addition of iron filings is so conditioned that even though a material such as iron filings is added, the asbestos fuzz coated, coke particles will serve to entrap the iron filings without segregation due to the greater weight of the last component."

In the McIntyre specification it is said that the composition is prepared by mixing the constituents and pressing them into a "suitable brake shoe casing"; that the linseed, or other oil, is used as a binding substance. Although coke is not mentioned in the patent to Kinzer, and other substances, in addition to iron borings and asbestos, such as, "sawdust, plumbago, and resin," are employed in the manufacture of brake shoe fillers, the specification contains the following statement:

" * * * These ingredients are thoroughly stirred together by any suitable means in either a hot or cold condition. After being mixed a suitable binder, as linseed-oil, either raw or boiled, is added in sufficient quantity to thoroughly bind the ingredients into a solid compact mass or body. * * * "

In holding that the claims were not patentable, the Board of Appeals, said in part:

"We think the proper sequence of adding the three ingredients to obtain the most satisfactory mixture of three constituents is within the expected skill and judgment of a mechanic and such choice of sequence does not involve invention in making a mix of the constituents named in McIntyre. * * *

"Claim 11 includes the steps of mixing successive batches of constituents and filling the shells therewith in such timed relation

that the making of each batch terminates with the finish of the operation of filling the shells with the preceding batch.

"We regard this as the obvious and practical operation which would be followed by a mechanic who had a regard to the waste of materials or time in carrying out the process of Kinzer with the constituents named by McIntyre."

We are in entire accord with the views expressed by the Board of Appeals.

█ In view of the fact that the suggested claims 12 and 13 were not before the tribunals of the Patent Office, they will not be considered by this court. In re Cranmer, 52 App. D. C. 257, 285 F. 991; In re Appelburg et al., 37 F.(2d) 620. The decision is affirmed.

Affirmed.