We discern no error in the decision of the Board of Appeals and the same is affirmed.

Affirmed.

HATFIELD, Associate Judge, does not participate.

## In re RIEBEL.
### Patent Appeal No. 3448.

Court of Customs and Patent Appeals.
March 26, 1934.

L. H. Latta, of Toledo, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner was heard in connection with appeal No. 3179, by the same party, Riebel, decided concurrently herewith, the two being orally argued together, although briefed separately. 69 F.(2d) 562, 21 C. C. P. A. ——.

Here, as in that case, a single claim is involved which reads:

"In a suction cleaner, a body unit including a fan casing outlet, a flexible non-porous tube communicating therewith, a handle pivoted to the body unit and projecting above said tube, and a porous paper bag suspended from the handle said bag having an inlet neck attached to and communicating with said outlet."

The rejection by the tribunals of the Patent Office is for lack of patentability in view of the prior art, the references cited being: Duffie, 1,230,827, June 19, 1917; Halsted, 1,553,076, September 8, 1925.

No extended discussion of the case is deemed necessary. There is no distinction in principle between it and the case involved in appeal No. 3179, supra. The claims are substantially the same; the disclosures do not materially differ upon any pertinent feature; and both applications were rejected upon two of the same references. Here as there emphasis is placed upon the use by appellant of a paper bag for a dust receptacle, in the manner and under the arrangement of parts described. In view of the teaching by Duffie that such receptacle may be made of "sheet metal, papier mâché, fiber or other suitable material" and that of Halsted as to "the provision of a bag of paper or like cheap material," we think this element clearly anticipated by the prior art, and no feature of patentable novelty, over the references, is discerned in the particular arrangement of parts whereby the paper bag is utilized.

Appellant in this court suggests a desire to amend the claim. Amendment of claims cannot be allowed in this court.

In the case of In re Stroedter, 68 F.(2d) 741, 21 C. C. P. A. ——, where this court reversed the decision of the Board of Appeals and the case was returned to the Patent Office, it was suggested that the applicant should there have an opportunity of making certain changes in phraseology, but in this case we find no reversible error.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, does not participate.