Worley, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office, sustaining the Primary Examiner’s rejection of claims 8 and 9, the only remaining claims of appellant’s application for a patent on a curb member, on the ground of lack of invention over the prior art. No claims were allowed.
The appealed claims read:
8. A curb member, comprising an elongated flat metal base plate, an elongated hollow inverted generally V-shaped upstanding metal member arranged on and rigidly connected to said base plate and having flat side walls conjoined at their upper ends and divergently sloping downwardly toward said base plate at substantially the same angle, and a marginal portion of said base plate extending laterally outwardly from the lower end of at least one of said side walls to provide an attaching flange.
9. A curb member, comprising an elongated Sat metal base plate, an elongated hollow inverted generally V-shaped upstanding metal member arranged on said base plate and having flat side walls conjoined at their upper ends and diver-gently sloping downwardly toward said base plate at substantially the same angle, weldments connecting the separated lower ends of said side walls to said base plate at spaced intervals therealong thereby leaving slits between said weld-ments, and a marginal portion of said base plate extending laterlly outwardly from the lower end of at least one of said side walls to provide an attaching flange, said flange having a series of openings running therealong at spaced intervals and adapted to receive anchor pins.
The references of record are:
Ewertz, 1,619,063, March 1, 1927.
Higgins, 1,726,267, August 27, 1929.
*902 Appellant’s application discloses a curb member consisting of an elongated flat metal base plate with an inverted V-shaped metal member arranged thereon in such a manner as to leave a longitudinally extending flange at one or both sides of the plate. The edges of the V-shaped member are welded to the plate at uniform intervals, thus leaving openings for venting or draining the space between the V-shaped member and the plate. Spaced openings are provided in the flange or flanges to receive bolts for securing the curb member in place.
The patent to Higgins shows' a guide rail adapted to be used for dividing a highway into two roadways. The rail comprises an elongated metal member in the form of an inverted V with an integral horizontal flange extending from each side of its base, the flanges being provided with openings to receive bolts or screws for securing the member in place on the highway. The bottom of the V is not closed by a plate as in appellant’s construction, but is left open. In use, the space between the rail and the highway is filled by an elongated concrete block of triangular cross-section.
The Ewertz patent shows a ship construction in which a V-shaped member is welded at its edges to a flat metal plate. The examiner relied on Ewertz as showing “that it is old to reinforce an angle member by welding a plate across the edges thereof,” but, as pointed out by the board, Ewertz does not reinforce the angle member by the plate, but rather reinforces the plate by the angle member. The board accordingly discarded the Ewertz patent and based its affirmance of the examiner on “the Higgins patent considered in the light of the routine skills in structural engineering.” It was the opinion of the board that appellant has merely substituted a reinforcing base plate for the concrete filler used by Higgins, and that spot welding would be an obvious method of securing such a base plate to the V-shaped member.
As pointed out by the board, appealed claim 8 is quite broad. The only distinction presented by this claim over the Higgins structure is the recitation of a base plate rigidly connected to the V-shaped member. The claim does not specify the size of the base plate and does not state that it is connected to both sides of the V-shaped member. Accordingly, as stated by the board, claim 8 would be met by a structure in which the base plate extended only part way across the V. Such an arrangement would provide no material reinforcing and would operate in substantially the same manner as the Higgins device. Claim 8, therefore, clearly fails to point out any patentable advantage over Higgins, and was properly rejected.
Appellant requested the board to permit an amendment to claim 8 specifying that the base plate is connected to both arms of *903 the V-shaped member, but the board - declined to do so. He now requests that this court permit a similar amendment and recommend the allowance of the amended claim. This court has consistently refused to make recommendations with respect to new or amended claims which have not been considered by the Patent Office. In re Oswald Appelburg and Gilbert Gilliver, 17 C. C. P. A. (Patents) 820, 37 F. 2d 620, 4 U. S. Pat. Q. 390; In re Vincent J. Burnelli, 17 C. C. P. A. (Patents) 918, 38 F. 2d 891; In re Gibson, 17 C. C. P. A. (Patents) 1090, 39 F. 2d 975, 5 U. S. Pat. Q. 230; In re Otto Schmidt and Johannes Ufer, 18 C. C. P. A. (Patents) 827, 45 F. 2d 916, 8 U. S. Pat. Q. 178; In re Riebel, Jr., 21 C. C. P. A. (Patents) 972, 69 F. 2d 563, 21 U. S. Pat. Q. 44; and In re Green, 25 C. C. P. A. (Patents) 1143, 97 F. 2d 130, 37 USPQ 690. No reason is found for making an exception here.
Appealed claim 9 not only states that the V-shaped member is joined at each of its edges to the base plate, but specifies that the joints are made by spaced weldments in such a manner as to leave slits between the weldments. The board was of the opinion that the use of a reinforcing base plate in the Higgins structure would be an obvious expedient, and that the particular type of joint recited in claim 9 involved nothing more than a matter of choice.
As noted above, the member shown by the Higgins patent is open at the bottom and the member is reinforced by the insertion of a concrete block. We agree with the board, however, that no invention would be involved in replacing the block by a reinforcing plate extending across and secured to the edges of the member to form a rigid structure. The use of reinforcing plates wherever they appear to be necessary or desirable is conventional. Welding, of course, is one of the most common methods of securing metal members together.
The provision for openings to permit the escape of air or water from a closed member is obvious and, where the closure is formed by welding, it would appear well within the skill of the art to provide openings by leaving spaces between the weldments.
For the reasons given we agree with the board that the appealed claims define nothing more than obvious modifications of what is shown by the Higgins patent.
The decision of the Board of Appeals is affirmed.
Jackson, Judge, retired, recalled to participate herein in place of Cole, Judge, absent because of illness.